## THOMPSON *et al. v.* HART.

1. A deed will not be construed as a grant on condition subsequent, unless the language used by express ʼterms creates an estate on condition, or unless the intent of the grantor to create a conditional estate is manifest from a reading of the entire instrument.
2. In the present case, under the principles stated in the first headnote, the language employed by the grantor in those clauses of the deed which it is insisted made the deed a grant upon condition subsequent can not be construed as having that effect.
3. And the plaintiff's right to recover being dependent upon giving the deed such a construction as would render it a grant upon condition subsequent, the court did not err in dismissing the case upon general demurrer.

Argued June 19,—Decided November 20, 1909.

Complaint for land. Before Judge Felton. Bibb superior court. December 29, 1908.

Thomas F. Thompson and Mrs. M. E. Whitehead brought their petition against Jesse B. Hart for the recovery of certain property situated in Bibb county, Georgia, and described in the petition. The petition contained two counts, one alleging that by reason of the breach of a condition the estate created by a certain deed from Methvin S. Thompson to certain church trustees, and the estate created by a deed from plaintiffs, who were the children of said Methvin S. Thompson, to the same trustees, had been defeated. The second count alleged that the estate created by the two deeds above mentioned was simply and plainly a restricted use, and that the property described in said deeds having ceased to be used for said restricted use, the property reverted to the plaintiffs as the heirs of Methvin S. Thompson as to the property in one deed, and to the plaintiffs as the grantors in the other deed. The property described in the petition was embraced in two deeds: (1) from Methvin S. Thompson to certain trustees, dated July 26, 1870; (2) from plantiffs, who are the children of Methvin S. Thompson, to the same trustees, dated April 1, 1884. In these two deeds the

consideration for the grant is expressed as follows: "For the furtherance of the cause of religion and good morals in the community, and the sum of one dollar." In the petition it is alleged that the real consideration was for the furtherance of the cause of religion and good morals in the community, the said Methvin S. Thompson having in 1870 considerable other property in the same neighborhood. Both said deeds contained also a clause providing that the premises should be used, kept, and disposed of as a place of divine worship for the use of the ministry and membership of the Methodist Episcopal Church, South. In addition the deed of Methvin S. Thompson contained the following language: "And the said Methvin S. Thompson the said bargained premises unto the said trustees as aforesaid for church uses only . . shall and will warrant and forever defend," etc. The deed made by petioners to the trustees recites that the property is given upon the same conditions of trust and for like purposes as the original deed given in 1870.

The defendant claimed the property by successive conveyances, starting with the trustees of said church and ending with said defendant. Petitioners are the reversioners and heirs at law of Methvin S. Thompson. There has never been any administration of his estate or any necessity therefor.

It is also averred, that, not only by the terms and conditions expressed in said deed but by the terms and conditions necessarily implied from the language of said deeds, the grants were made upon the distinct condition that the property should be used for church uses only; that the trustees of the church have moved the church building on said property and conveyed it to the defendant, who is not now using said property for church uses and has no intention of so using it; but is now using it and intends to use it for purposes entirely secular, though legal.

The clause creating the trust in the first deed is as follows "In trust, nevertheless, that said premises shall be used, kept, maintained, and disposed of as a place of divine worship for the use of the ministry and membership of the Methodist Episcopal Church, South, subject to the discipline, usage, and ministerial appointments of said church as from time to time authorized and declared by the general conference of said church and the annual conferences within whose bounds the said premises are situate.

To have and to hold said lot of land, with all and singular the rights, members, and appurtenances thereto appertaining, to the only proper use, benefit, and behoof of them, the said trustees and their successors in office, in fee simple; and the said Methvin S. Thompson the said bargained premises unto the said trustees as aforesaid for church uses only, and their successors, against the said Methvin S. Thompson, his heirs, executors, and administrators and against all and every other person or persons, shall and will warrant and forever defend by virtue of these presents." In the other deed it is recited that the conveyance is made upon "the same conditions of trust for like purposes as the original deed given in 1870." The habendum and warranty clause in the last deed is in the following language: "To have and to hold the said extra ground to the said trustees for the benefit and behoof of themselves and their successors in fee simple; and the said parties of the first part the said bargained premises to the trustees aforesaid and their successors for church uses, also on which to erect a parsonage and other necessary buildings, against the parties of the first part, their heirs, executors, and administrators and all and every other person or persons, shall and will warrant and defend by virtue of these presents."

*Hall & Hall,* for plaintiffs.

*Hardeman, Jones & Johnston,* for defendant.

BECK, J. (After stating the foregoing facts.)

As provided in the Civil Code, §3136, "An estate may be granted upon a condition, either express or implied, upon performance or breach of which the estate shall either commence, be enlarged, or defeated." But section 3971 provides that "Equity seeks always to construe conditions subsequent into covenants, and to relieve against forfeitures, where the rules of construction will allow." In neither of the deeds which are before us for consideration in the present case do we find any language which necessarily implies an intent of the grantor to create a conditional estate. But in order to sustain the contention of the plaintiffs in this case it is necessary to determine that the language of the clauses in the two deeds, indicating the purpose for which the conveyance was made and the trust created, imports a condition, or that, construing the deeds as a whole, the clauses referred to show a clear and unmistakable intention on the part of the grantors to create an estate on

condition.   To put such a construction as this upon the language employed in the clauses referred to, it seems to us, would be a reversal of the rule laid down in the code section last quoted, and would imply great readiness upon the part of the court to raise conditions subsequent in deeds by inference and argument, when the true rule is that "Conditions subsequent, having the effect in case of a breach to defeat estates already vested, are not favored in law, and hence always receive a strict construction."   2 Devlin on Deeds, §970.   A condition subsequent will not be raised by implication from a declaration in a deed that the grant is made for a special and particular purpose, without being coupled with words appropriate to make such a condition.   Kilpatrick v. Mayor of Baltimore, 81 Md. 179 (48 Am. St. R. 511, 27 L. R. A. 643, 31 Atl. 805).   In the case of Rawson v. School District, 7 Allen (Mass.), 125 (83 Am. D. 672-673), it is said:   "A deed will not be construed to create an estate on condition, unless language is used which, according to the rules of law, *ex proprio vigore,* imports a condition, or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. . . In grants from the crown and in devises, a conditional estate may be created by the use of words which declare that it is given or devised for a certain purpose, or with a particular intention, or on payment of a certain sum.   But this rule is applicable only to those grants of gifts which are purely voluntary, and where there is no other consideration moving the grantor or donor besides the purpose for which the estate is declared to be created.   But such words do not make a condition when used in deeds of private persons. If one makes a foeffment in fee *ea intentione, ad effectum, ad propositium,* and the like, the estate is not conditional, but absolute, notwithstanding:   Co. Lit. 204 a; Duke of Norfolk's Case, Dyer, 138 b; Wood on Conveyancing, 290; Shep. Touch. 123.   These words must be conjoined in a deed with others giving a right to reenter or declaring a forfeiture in a specified contingency, or the grant will not be deemed to be conditional."   See also Warvelle on Real Property (3d ed.), 327.   The rule here stated and applied has been followed by many other appellate courts in the United States. In the case of *Thornton* v. *Trammell,* 39 *Ga.* 202, Warner, J., delivering the opinion of the court, said:   "When a deed was executed and delivered, conveying an unconditional fee-simple title to a tract

of land, which contained the following words: 'It being expressly understood by the parties that the said tract or parcel of land is not to be put to any other use than that of a depot square, and that no business or improvements are to be put on the said tract but that which is immediately connected with the Western and Atlantic Railroad:' Held, that these words in the deed were words of covenant, and not words of condition, and that the plaintiff's remedy for a breach thereof was an action thereon for damages, and not a forfeiture of the estate for condition broken." And in combating the contention of the plaintiff in error in the case last referred to, the court answered the question, "What is an estate upon condition?" with a definition of an estate on condition given by Blackstone, and which is in the following language: "An estate on condition, expressed in the grant itself, is where an estate is granted, either in fee simple or otherwise, with an *express quali-fication* annexed, whereby the estate granted shall either commence, be enlarged, or be defeated, upon performance or breach of such qualification or condition."

Testing the deeds in this case by the rule laid down in the authorities which we have quoted and cited above, and which might be multiplied, the clauses in the deeds upon which the plaintiffs rely to recover the land involved in this suit do not, directly or by implication, impose a condition upon the grant made in the deeds. And we do not think it is necessary to decide whether, by the clauses in the deeds which we have had under consideration, the property conveyed was restricted to certain uses, as is contended in the second count of the plaintiffs' declaration. For, even if a restriction is imposed by the language employed in the clauses referred to, the effect of such a restriction, we apprehend, would not be, in case the property were devoted to other uses than that contemplated in the deed, to work a forfeiture of the estate, as in the case of a violation of a condition subsequent, where forfeiture and re-entry are provided for; though it might in some cases be a basis for an action for damages or injunction. No ruling is made in the case of *Jackson* v. *Dougherty County*, 99 *Ga.* 185 (25 S. E. 625), contrary to what we have held above, even if certain language used in the second headnote would seem to indicate that the writer intended a different opinion.

Inasmuch as the right of the plaintiffs in the present case to

recover depended upon giving to the two deeds referred to in the statement of facts a construction in accordance with their contention as set forth in the first count of the petition, and a contrary construction of those instruments being the proper one, under the doctrine which we have adhered to in this case, the court did not err in sustaining a general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*