### SELF, executor, *v.* BILLINGS *et al.*

1. In an action for rescission and forfeiture of estate for breach of condition subsequent, based on a deed executed by the plaintiff to the defendant, the recitals in the deed relied upon to create an estate upon condition are to be construed in connection with the entire instrument, looking always to the intention of the parties, giving to any technical words employed the meaning intended by the parties, so far as ascertainable from the instrument, rather than their technical meaning; and if, upon a strict construction of the deed in its entirety (there being no express words of defeasance), it should be doubtful whether the instrument created an estate upon condition subsequent, or the words employed imported covenant, the latter construction should be adopted.

 (*a*) The clause in the deed involved in this action, which specifies the things to be performed by the grantee, is to be regarded as a clause of covenant, and the deed construed in its entirety is not to be construed as one creating an estate on condition subsequent.

2. Construing the deed as indicated in the preceding note, mere breach of the covenant to support the grantor during his natural life would not afford ground for rescission of the contract or forfeiture of the estate.

 (*a*) The judge did not err in restricting the jury by his charge to a consideration of the allowance of damages.

FEBRUARY 11, 1913.

Equitable petition. Before Judge Felton. Bibb superior court. November 22, 1911.

*Harris & Harris,* for plaintiff.

*Miller & Jones,* for defendants.

ATKINSON, J. Andrew J. Little instituted an action against T. E. Billings and his wife, Mrs. Lillian M. Billings. Pending the suit Little died, and Lamar Self, as executor, was made plaintiff, and the case proceeded in the name of the latter. The allegations

of the petition took a much broader range than the evidence. The plaintiff owned a tract of land which he conveyed to his niece, Sarah Ann Elizabeth Williams, by a deed imposing upon her certain obligations, among them being one to support the grantor for and during his natural life. After the contract had been partly performed by the grantee, a deed was executed by Sarah Ann Elizabeth Williams and Andrew J. Little to Mrs. Lillian M. Billings, conveying the same land which was described in the first deed. The deed last mentioned recited the consideration to be three hundred dollars (the receipt of which was acknowledged), and also "the assumption of the obligation hereinafter named." The habendum clause followed the description of the property, and contained the following: "To have and to hold the said above-described property unto the said party of the second part, her heirs, executors, administrators, and assigns, in fee simple; subject to the following conditions, to wit: 1. Said party of the second part agrees and undertakes to pay an indebtedness due and owing by Andrew J. Little to Z. W. Whitney, amounting to $276.00. 2. Party of the second part agrees and undertakes to support and care for the said Andrew J. Little for and during the period of his natural life. 3. Said party of the second part agrees not to sell the lands above described in the lifetime of the said Andrew J. Little, without his written consent. 4. Said party of the second part agrees to account to Z. W. Whitney, for a period of ten (10) years, for one half of the net proceeds of the peaches raised upon said above-described place." Following this was a clause warranting the property unto the grantee, her heirs, executors, and assigns, against all persons. Upon receiving this deed Mrs. Billings entered possession and complied with all "the undertakings" imposed upon her by its terms, unless it was the second. Based on an alleged failure to support Andrew J. Little, the plaintiff sought a decree declaring forfeiture of the estate and rescission of the contract, or, if not entitled to such relief, then to a decree affording the plaintiff such relief as in equity should be afforded him under the facts, and to have the amount to be expended for his support and the character of care which he should receive at the hands of the defendant declared. The defendant denied that there was any breach of the undertaking to support the grantor, and the evidence was conflicting upon the issue thus made. A verdict was rendered

26

in favor of the plaintiff for $500, upon which a decree was entered. In the bill of exceptions the plaintiff assigned error upon certain portions of the charge to the jury, and upon the refusal of certain requests to charge.

1.   Several of the assignments of error complain of the construction placed by the judge upon the deed from Sarah Ann Elizabeth Williams and Andrew J. Little to Lillian M. Billings, and, upon such construction, his holding that there was no ground for forfeiture of the estate thereby granted, or rescission of the contract, and restricting the jury to a consideration of the allowance of damages as for failure to support Andrew J. Little for and during his natural life.   It was urged by plaintiff in error that the deed created an estate on condition subsequent, for breach of which forfeiture of estate would result.   Whether there could be forfeiture of estate for such cause would depend upon whether an estate on condition subsequent was created by the deed.   Pertinent to this inquiry the remarks of Warner, J., in *Thornton* v. *Trammell,* 39 *Ga.* 202-207, may be quoted: "What is an estate upon condition? 'An estate on condition (says Blackstone), expressed in the grant itself, is where an estate is granted, either in fee simple or otherwise, with an express qualification annexed, whereby the estate granted shall either commence, be enlarged, or be defeated, upon performance, or breach of such qualification or condition.   These conditions are, therefore, either precedent or subsequent.' 2d Bl. Com. 154.   'A condition may be created by express words, which is called a condition in fact: as where a feoffment is made of lands, reserving rent, payable on a certain day, upon condition, that, if it be not paid on the day, the feoffor may re-enter, etc.   And note, that it is a general note, that a condition which destroys, or defeats the estate, or grant, is to be construed strictly.'   2 Bacon's Ab. 279, title conditions.   'My Lord Coke says that, by inserting the word condition, or sub-condition, conditions are most properly created; but there are also other words, says he, that will do as effectually as the word proviso: but then it must not depend upon another sentence: also the words must be those of the grantor, and compulsory, to enforce the grantee to do some act.'   2 Bacon's Ab. 280.   See 2268-2269 sections of the Revised Code.   'The law inclines (as declared by the latter section of the Code) to construe conditions to be subsequent, rather than precedent, and to be reme-

died by damages rather than by forfeiture.' Conditions subsequent, says Chancellor Kent, are to be construed strictly, because they tend to destroy estates; and the rigorous exaction of them is a species of summum jus, and, in many cases, hardly reconcilable with conscience. 4 Kent's Com. 129. If it be doubtful, says the same learned author, whether a clause in a deed be a covenant or a condition, the court will incline against the latter construction; for a covenant is far preferable to the tenant. 4 Kent's Com. 132." In Warvelle on Real Property, § 312, it is said: "Covenants, like conditions, do not depend upon precise or technical words, and whatever shows the intent of the parties to bind themselves to the performance of a stipulation may be deemed a covenant, without regard to form or expression. A covenant or condition may be created by the same words. Hence, while if a condition is plainly manifest it must prevail, yet, if it be doubtful whether a clause imports a covenant or a condition, or if the language employed is not in form either a covenant or condition, the effect accorded will be that of a covenant and not a condition." In *Thompson* v. *Hart,* 133 *Ga.* 540 (66 S. E. 270), it was held: "A deed will not be construed as a grant on condition subsequent, unless the language used by express terms creates an estate on condition, or unless the intent of the grantor to create a conditional estate is manifest from a reading of the entire instrument." In Koch v. Streuter, 232 Ill. 594 (83 N. E. 1072), it was held: "No particular form of words is essential to create a condition, but it is essential that the intention to create it shall be clearly shown by some words. If from the language employed in a deed it is doubtful whether the clause creates a condition or a covenant, it will be construed a covenant. The rule that where clauses are susceptible of different constructions that construction will be adopted which is most favorable to the grantee obtains in case of doubt as to whether the clause creates a condition or covenant. An important consideration in determining whether a clause is a condition subsequent or something else is the presence or absence of a re-entry clause by the grantor or his heirs, or of forfeiture of the estate for breach of condition." In Minard v. Del. &c. R. Co., 139 Fed. 60, it was said: "In an action in ejectment brought by a grantor to recover possession of land because certain provisions in his deed, alleged to be conditions subsequent, had been violated by the grantee's assigns, held, that

whether the provisions of the deed referred to are covenants or conditions is to be ascertained by a construction of the entire deed for the purpose of ascertaining therefrom the intention of the parties, and this regardless of the technical meaning of the terms employed; and that if it appear doubtful whether the terms used import covenants or conditions, courts of law always incline to construe them to be covenants in order to avoid a forfeiture of the estate." See Devlin on Deeds, §§ 970, 970a, 970b; Zweig v. Sweedler, 140 N. Y. App. Div. 319 (125 N. Y. Supp. 171) ; Cox v. Combs, 51 Tex. Civ. App. 346 (111 S. W. 1069) ; Harris v. Rather (Tex. Civ. App.), (134 S. W. 754). Under the authorities cited, the stipulations in the deed under consideration, relied upon by the plaintiff in error to support the contention that the instrument created an estate upon condition, are to be construed in connection with the entire instrument, looking always to the intention of the parties, giving to any technical words employed the meaning intended by the parties, so far as ascertainable from the instrument, rather than their technical meaning; and if, upon a strict construction of the deed in its entirety (there being no express words of defeasance), it should be doubtful whether the instrument created an estate upon condition subsequent, or the words employed imported covenant, the latter construction should be adopted. The instrument declares that the property shall be held "subject to the following conditions." Then follows a statement of four separate things which the grantee "agrees" to do. Agreements to assume debts of the grantor, to support him for life, to account for the proceeds of products from the land, and not to sell the land during the life of the grantor import covenant. By accepting the deed containing such provisions the grantee committed himself to their performance. *Kytle* v. *Kytle*, 128 *Ga.* 387 (57 S. E. 748). Again, the things specified to be done differed in character and time of performance, so that some of them could remain partly executed but still executory, while others might have been fully performed, as in the present case. Treating the clause, "subject to the following conditions," as one of covenant, it would be no hardship, after full performance of some of the things stipulated to be done, to award damages or the like for the breach of any that remained executory; but treating the clause as intended to accomplish a grant upon condition subsequent, if for a breach of any one of the stipulations

forfeiture should arise, it could create such a hardship as would suggest that if the parties had intended any such result it would have been expressly stated. While "conditions" has a technical meaning, it is manifest from a consideration of the entire instrument that it was not so used in this instrument. It was employed in the habendum clause merely to denote the four covenants specified therein, while for the purpose of denoting the same things the word "obligation" was employed in stating the consideration of the deed. The words "conditions" and "obligation" have different technical meanings; and if thus applying them to denote the same things has any significance, it shows that the words were not used in a technical sense. Construed in its entirety, the deed is not to be construed as one creating an estate on condition subsequent, but the clause specifying the things to be performed by the grantee is to be regarded as a clause of covenant. The principles upon which this decision has been rendered are recognized in the cases of *Jones* v. *Williams,* 132 *Ga.* 782 (64 S. E. 1081), and *Wilkes* v. *Groover,* 138 *Ga.* 407 (75 S. E. 353). But on account of express provisions contained in each of the deeds under construction in those cases, to the effect that forfeiture should result from failure to perform the things imposed upon the grantee, the instruments were held to create estates upon condition subsequent, defeasible upon breach of the conditions. The instruments involved in those cases were essentially different from that now under consideration, which contained no express language to the effect that there should be a forfeiture of estate upon failure of the grantee to perform the obligations imposed upon him.

2. As ruled in the preceding division, the deed did not create an estate upon condition subsequent. It follows that there could be no forfeiture of estate on the ground of breach of condition. Andrew J. Little had died before the trial, and any damage which might flow from a breach of the covenant to support him was ascertainable. There was no evidence that the defendant was insolvent. If, ordinarily, it would be proper to give consideration to insolvency of the grantee or inability to ascertain the damage which would result from a breach of the contract in determining whether rescission should be allowed for the breach of covenant, the absence of evidence on those subjects in the present case eliminates such matters from consideration. The only remaining question, there-

fore, is, will rescission be allowed for mere breach of contract to support Andrew J. Little during his natural life. This must be answered in the negative. *Brand* v. *Power,* 110 *Ga.* 522 (36 S. E. 53); *Kylle* v. *Kytle,* supra; *Davis* v. *Davis,* 135 *Ga.* 116. (69 S. E. 172). The judge did not err in restricting the jury by his charge to a consideration of the allowance of damages.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*