JACOBS' PHARMACY COMPANY *et al. v.* LUCKIE *et al.; et vice versa.*

1. A dedication or gift of land for a public use can be made only by the owner. A purchaser of land encumbered with a security deed, in possession under a bond for title, as against his vendor and incumbrancer has no such power. But where such purchaser makes an express offer to dedicate for a public use, as against his grantee and the public he will be estopped from denying that he is without power to dedicate because of the incompleteness of his title. Hoole *v.* Attorney General, 22 Ala. 190 (2).

2. Where an owner of an interest in land agrees to donate to a county a strip for the purpose of widening a public highway, subject to other property owners along the highway giving the necessary land to widen it to a certain extent, and where it appears that some of the abutters refuse to donate, and others because of their minority are unable to make a dedication, the landowner making the proposed dedication may formally withdraw the same, notwithstanding on the day previous to his withdrawal the county authorities have passed a resolution accepting all donations made before that time.

3. The court did not err in refusing to allow the amendment to the petition, or in excluding the evidence offered in support thereof.

4. The court erred in granting a temporary injunction.

MAY 12, 1915.

Injunction. Before Judge Pendleton. Fulton superior court. February 26, 1915.

E. T. Luckie and others filed an equitable petition against Jacobs' Pharmacy Company and others, to enjoin them from tres-

passing, erecting buildings, digging ditches, or in any other manner exercising any rights whatever upon a strip of land ten feet wide, lying and being at the east side of Roswell road at its intersection with Peachtree road in Fulton county. The petition alleged substantially as follows: Jacobs' Pharmacy Company has legally granted and conveyed to Fulton County, for road purposes, a strip of land off the western side of the lot of land described in the petition, of the width of ten feet, the entire distance of the road along the lot, and has dedicated it to road purposes; and it has been duly accepted by the County of Fulton through its board of commissioners of roads and revenues. The conveyance and dedication are complete, and the county, the adjoining-property owners, citizens and taxpayers have acquired the title and right and easement to the enjoyment of the strip of land for road purposes; and Jacobs' Pharmacy Company has lost all right of ownership, possession, or other rights thereto. This company has caused brick to be placed upon the property adjacent to the ten-foot strip, has dug lines and trenches, and has made excavations upon the adjacent property and in part upon the ten-foot strip, and is threatening and preparing to erect a building upon the lot described, to cover not only the adjacent property but the ten-foot strip of land. The threatened occupation of the ten-foot strip is without lawful warrant or authority, and is contrary to the rights of the plaintiffs and the citizens and public of the county, as well as the county itself. Petitioners have a peculiar and particular interest in the dedication of the strip of land for road purposes, not only as citizens and taxpayers in common with the other residents and citizens of the county, but also as property owners upon the roadway who will be directly affected and benefited or injured by the use or nonuser of the strip of land for road purposes, or in its use for any purpose contrary to the dedication. The use of the strip of land for other than road purposes will injure and damage petitioners in an irreparable, speculative amount, in that their damages can not be ascertained or computed, for the reason that it will be impossible to widen the roadway as contemplated, and as passed upon by the board of county commissioners of roads and revenues of the county.

The Board of Trustees of Emory College and Carl Witt filed their intervention and were made parties defendant, the latter alleging that he had purchased of the former the tract of land de-

scribed in the petition, and that he had the legal title thereto, etc. Jacobs' Pharmacy Company filed its answer to the petition, avering, among other things, that it executed a paper to the County of Fulton, upon certain representations made by the plaintiffs, which will be later set out. When defendant ascertained that there was not enough land for defendant to erect certain contemplated buildings, and that plaintiffs refused to furnish additional ground for that purpose, as agreed, it revoked the instrument of September, 1914, by the instrument of January 14, 1915. It is not now and has never been the owner of the property. It was owned by B. F. and A. C. Burdette, who conveyed the legal title of the property to the Trustees of Emory College to secure a debt. This debt has not been paid. Defendant took a bond for title from the Messrs. Burdett, giving in part compliance therewith its obligations to pay. These obligations have not matured, and therefore have not been discharged, and the defendant does not hold a deed from either the Messrs. Burdett or from the Trustees of Emory College. The trustees of the college did not consent to the proposed dedication, and have filed a formal protest against it; and the Messrs. Burdett (who are still liable upon their debt to the trustees) also have protested against the transaction and have declined to consent to the proposed dedication. No legal title vested in respondent prior to its revocation of the attempt to donate. It had on January 14, 1915, and now has, the legal right to revoke said dedication and thus decline to continue to go on with the proposed attempt to donate the land. The dedication and revocation of dedication are as follows:

"Atlanta, Ga., Sept. 19, 1914. Georgia, Fulton County. We hereby agree to donate, set aside, and assign to Fulton County a strip ten feet wide from the west side of our lot at the intersection of Peachtree Road and Roswell Road at Buckhead, for the purpose of widening Roswell Road from fifty feet to seventy feet, between Peachtree Road and the intersection of Plaster's Bridge Road. This donation is made subject to the other property owners along Roswell Road between the above-mentioned points giving the necessary land to widen said road as above set forth. Jacobs' Pharmacy Company. By Jos. Jacobs, Pres."

"Atlanta, Georgia, January 14, 1915. Honorable Board of County Commissioners, Atlanta, Ga. Dear Sir: I beg to notify

you that the paper signed by Jacobs' Pharmacy Company, per myself, bearing date of September 19, 1914, was procured from me without a consideration and under circumstances which render the same invalid. We do hereby revoke said instrument, decline to donate said ground, or make a deed thereto; and notify you that no work must be attempted with reference to this property. Yours very truly, Jacobs' Pharmacy Company. Per Joseph Jacobs, President. Joseph Jacobs."

The defendant by amendment alleged: "On January 4, 1915, nine days before the action of the county commissioners in accepting the dedication, and twenty-six days before the restraining order was issued in this case, defendant entered upon the ten-foot strip on the west side of the lot and began the construction of four stores. Brick, sand, and other building materials were hauled out, and the front part of the lot lying near the triangle was excavated. The cellar was walled up on all four sides, the southern point being about ten feet in width, the two east and west sides being from twenty-five to thirty feet in width, etc. These cellar brick walls were substantially built; and defendant has expended a total of $532.15 paid out on its payroll, which does not include the cost of material itself which has been actually used in the cellar-walls, etc., all prior to the grant of the restraining order. The proposal to donate the ground was entirely conditional, and was made subject to the owners of all the remaining property between Peachtree road and the intersection of Plaster's Bridge road donating land sufficient to make Roswell road seventy feet in width between the points named; and until the other owners duly and legally complied with the condition, and duly and legally dedicated the additional ground, this defendant had the right to withdraw and revoke its attempted dedication. When the board of county commissioners attempted to accept the proposals to dedicate then before the board, the condition in the defendant's proposal to dedicate had not been complied with, and the owners of the land between the points mentioned had not dedicated or attempted to dedicate a very large part of the ground. Many of the persons who attempted to dedicate were not owners of the land and had no power to dedicate. For these reasons the attempt on the part of the commissioners to accept the dedications was futile. And all the true owners of the frontage on the road had not dedicated at

the time of the acceptance. A number of the owners who have failed to dedicate, or are unable from lack of title to do so, are set out, including the name of Mrs. C. S. (or Ida T.) Honour, who it is alleged is not the owner of any property on the street, she being vested with a life-estate in certain property thereon, the remainder interest being vested in her children in fee; and the remainder interest has never been dedicated, or attempted to be dedicated.

During the trial the plaintiffs, with A. C. Walters intervening, tendered to the court an intervention and amendment in substance as follows: In the year 1897 the administratrix of the estate of W. P. Humphrey platted the property which was owned by the estate in land lot 99, and on October sales day of that year held a sale. The Humphrey estate owned at the time a tract of land at the junction of Peachtree and Roswell roads, and the plat showed a curve at that junction instead of an angle or point, and the curve was a distance of about 150 feet from the present point of the roads. The land contained in the point and outside of the curved line was used for many years prior thereto as a part of Peachtree and Roswell roads, and the land became dedicated for public-road purposes. The property outside of the curve as herein described includes all of the ten-foot strip of land contended for in this suit, and Jacobs' Pharmacy Company and other claimants of the title hold the same subject to the rights herein set forth and the previous dedication to road purposes. W. P. Humphrey during his life, by permitting same to be used, dedicated said strip outside of said curve to road purposes, and the plat prepared by his administratrix was an affirmance, ratification, and dedication of the same; so that no person whomsoever has any legal right or title to any part of the property, etc. The defendant objected to this amendment and intervention, on the ground that it set forth a new and distinct cause of action. The court sustained the objection, and excluded certain evidence offered in support of the amendment; which rulings were the basis of the plaintiffs' cross-bill of exceptions.

At the conclusion of the hearing the court made an order enjoining the defendants from performing any act upon the ten-foot strip described in the petition, which would interfere with the opening of the street by the county, and restraining Carl Witt from levying upon or selling this ten-foot strip; to which judgment

Jacobs' Pharmacy Company, Moise DeLeon, Carl Witt, and the Board of Trustees of Emory College excepted.

*C. T. & L. C. Hopkins,* for Jacobs' Pharmacy Company *et al.*

*Moore & Pomeroy,* contra.

HILL, J. (After stating the foregoing facts.)

1. The first headnote requires no elaboration.

2. Did Jacobs' Pharmacy Company have the legal right, and did its act of attempted revocation on January 14, 1915, amount to a revocation of the dedication previously proposed by it, although the board of commissioners of roads and revenues of Fulton County accepted the dedication on the day previous to the revocation? It appears from the foregoing statement of facts that Jacobs' Pharmacy Company, on September 19, 1914, agreed to donate a strip of land ten feet wide at the intersection of Peachtree road and Roswell road for the purpose of widening the Roswell road from fifty feet to seventy feet. "This donation is made subject to the other property owners along Roswell Road between the above-mentioned points giving the necessary land to widen said road as above set forth." On January 13, 1915, the board of commissioners of Fulton county, after reciting that it had checked the donations of land tendered the county for the purpose of widening the road, adopted a resolution to the effect that all such donations and conveyances be accepted and dedicated to road purposes for the county and the citizens thereof. On January 14, 1915, Jacobs' Pharmacy Company addressed a communication to the county commissioners, notifying them that the paper bearing date September 19, 1914, and signed by Jacobs' Pharmacy Company, was procured without consideration and that under the circumstances the same was considered invalid. "We do hereby revoke said instrument, decline to donate said ground, or make a deed thereto; and notify you that no work must be attempted with reference to this property." It will be seen that the dedication was a conditional one. This strip of land was donated on condition that the other property owners would likewise give the necessary land to widen the road. The dedication would not, therefore, become complete until all the conditions precedent had been complied with. It appears that at the time of the acceptance of the proposed dedication by the county all the other property owners had not dedicated the necessary land. Some owned their land and would not dedicate; others owned, but

were under legal disability and could not dedicate. Still others had dedicated, but the dedications contained conditions similar to the one contained in the dedication of the defendant. In some instances the land was donated on condition that the county would open and build roadways to the residences of the owners, and in others that the houses of the owners were to be moved back, or replaced, as the case might be. It will be observed that the county had no absolute dedication from the Jacobs' Pharmacy Company. The donation was a conditional one, without consideration, and the public had not acted upon it. No work had been done by the county in widening the road. About four months had elapsed and no apparent effort was made by the county to secure a dedication from all the remaining landowners. Indeed it may be doubted whether the county could comply with some of the conditions contained in some of the dedications, such as building roadways and moving houses for private citizens. The county would have a reasonable time within which to comply with these conditions; but where the county could not comply—for instance, in securing a dedication from the guardian to property of a minor,—the question of reasonable time could cut no figure. Guardians have no right to bind the property of their wards by contract. 6 Michie's Dig. Ga. R. 849 (2). And if they have no authority to bind by contract, surely they would have no right to donate it or give it away, on the theory that it might enhance the remaining property of the ward. In these circumstances, where the conditions accompanying the dedications had not been complied with by the county, and could not be complied with as to some of the proposed dedications, a dedicator who had donated on such conditions could formally withdraw and revoke the conditional dedication previously made by him. 13 Cyc. 490; People v. Williams, 64 Cal. 498 (2 Pac. 393, 396). The owner of property proposing a dedication of land for public purposes on condition that the adjacent owners will make a like dedication has the right to withdraw the same on the ground of the refusal of some of the adjacent owners, and the disability of others, to dedicate. And the agreement of some of the others to dedicate, made subsequently to the withdrawal of the offer to dedicate, can have no effect on the status of the case. In view of what has been said, the court erred in granting the temporary injunction.

3. The cross-bill of exceptions alleges error on the part of the

court in disallowing the amendment set out in the foregoing statement of facts, and in rejecting evidence offered by the plaintiffs in support of the amendment. We think that the amendment sets up a new and distinct cause of action, and that the court did not err in refusing to allow it, and in rejecting evidence offered in support of it.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Fish, C. J., absent.*