Johnson *et al. v.* Hobbs *et al.*

Atkinson, J.  1. While an estate may be granted upon a condition either express or implied, upon performance or breach of which the estate shall either commence, be enlarged, or defeated (Civil Code, § 3716), the law inclines to construe conditions to be subsequent rather than precedent, and to be remediable by damages rather than by forfeiture. Civil Code, § 3717.  And "Equity seeks always to construe conditions subsequent into covenants, and to relieve against forfeitures, where the rules of construction will allow."  Civil Code, § 4568.  This court has accordingly held (*Thompson* v. *Hart*, 133 *Ga.* 540, 66 S. E. 270), that "A deed will not be construed as a grant on condition subsequent, unless the language used by express terms creates an estate on condition, or unless the intent of the grantor to create a conditional estate is manifest from a reading of the entire instrument."  To the same effect see *Self* v. *Billings*, 139 *Ga.* 400 (77 S. E. 562).

2. Accordingly where a deed was executed and delivered, purporting to convey fee-simple title to a tract of land, which, in the granting clause contained the following words:  "By accepting this deed Charles W.

Johnson [the grantee] agrees that he will not sell to any person whatever without first offering it to W. P. Johnson [the grantor] at and for the sum of two hundred dollars ($200.00), this being the sum he pays for it; and if the said W. P. Johnson refuses to buy, the party of the second part may sell to whomsoever he pleases; but said W. P. Johnson's refusal must be in writing," such words in the deed were words of convenant upon the part of the grantee not to sell to another without the written consent of the grantor, and did not create a conditional estate dependent upon a condition subsequent.

(a) The case differs from *Wadley Lumber Co.* v. *Lott*, 130 *Ga.* 135 (60 S. E. 836), where the grantor in effect reserved the right, under specified conditions, to re-enter upon payment of the price stipulated.

3. The right of the plaintiffs to the relief prayed for being dependent upon giving the words quoted from the deed such construction as would render the instrument a grant upon condition subsequent, the court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 1311. DECEMBER 11, 1919.

Equitable petition. Before Judge Walker. Warren superior court. January 8, 1919.

*L. D. McGregor,* for plaintiffs. *M. L. Felts,* for defendants.