GORDON *et al. v.* WHITTLE *et al.*

HAWKINS, Justice. In August, 1927, J. J. Lissner, as first party, conveyed to Willis M. Everett, as second party, lot No. 8 in block "C" of the Arnold House subdivision, on St. Simon's Island, in Glynn County, Georgia, and A. J. Gordon, as first party, conveyed to the same grantee, as second party, lots Nos. 9 and 10 of the same subdivision, both of said deeds reciting a valuable consideration, and the habendum clause in each of said deeds being as follows: "To have and to hold said described and bargained property, together with all and singular the rights, members and appurtenances thereunto belonging or in anywise appertaining, unto the second party, his heirs and assigns, forever, upon the express condition that the second party shall lay out and set aside and dedicate (the described lots) . . for a park and recreation center, and to be forever maintained as such for the benefit of the residential and philanthropic enterprises of the *second party* on said St. Simon's Island." Ray W. Whittle and Roy L. Morgan, as successors in title to Willis M. Everett, brought their petition in Glynn County Superior Court against A. J. Gordon, and certain named persons as heirs at law of J. J. Lissner, for a declaratory judgment, alleging the foregoing facts, and that the habendum clause in each of said deeds is ambiguous in its terms, and does not clearly define the rights of the plaintiffs as successors in title to said property; that a controversy exists between them and the defendants, in that the defendants claim that the property is restricted for use as a park and recreation center; that the plaintiffs do not have a right to build a dwelling house thereon; and that the plaintiffs claim that they have a fee-simple title to the property free from any restrictions; and they pray for a decree so declaring.

The defendants filed their answer, in which they alleged that the plaintiffs have no right to use or otherwise enjoy the property, alleging that the habendum clause in each of said deeds constitutes a condition precedent; and that under it the right and title to the property described was not to vest in the grantee until the grantee "laid out, set aside, and dedicated" the property as a park and recreation center; that, should it be held that the condition is not a condition precedent to be performed before any right or title to the property vested in the grantee, it is then a condition subsequent, and the right and title to the property was conveyed subject to the condition that the grantee would "lay out, set aside, and dedicate" it as a park and recreation center; and that, upon the failure of the grantee to perform said condition, the right and title to the property reverted to the defendants; and they prayed for a judgment so declaring. The case was submitted to the trial court without the intervention of a jury upon an agreed stipulation of facts to the effect that the grantee in said deeds died October, 18, 1943, and did not ever "lay out, set aside, or dedicate" the property as a park or recreation center, and neither did his personal representatives nor the plaintiffs, and that the said property has never been dedicated or used as a park or recreation center.

The trial court entered a judgment, to the effect that the fee-simple title

to the property involved is in the plaintiffs; that the deeds from J. J. Lissner and A. J. Gordon do not impose any restrictions, conditions, or covenants on the property described; that the defendants have no right, title, equity, or interest in and to said property; that the plaintiffs hold said property free and clear of any restrictions, conditions, or covenants as to use or enjoyment; and that the deeds to Willis M. Everett conveyed said title free from any conditions, restrictions, or covenants. To this judgment the defendants excepted. *Held:*

1. "While an estate may be granted upon a condition either express or implied, upon performance or breach of which the estate shall either commence, be enlarged, or defeated (Civil Code, § 3716) [Code, § 85-901], the law inclines to construe conditions to be subsequent rather than precedent, and to be remediable by damages rather than by forfeiture. Civil Code, § 3717 [Code, § 85-902]. And 'Equity seeks always to construe conditions subsequent into covenants, and to relieve against forfeitures, where the rules of construction will allow.' Civil Code, § 4568 [Code, § 37-216]. This court has accordingly held (*Thompson* v. *Hart*, 133 *Ga.* 540, 66 S. E. 270) that 'A deed will not be construed as a grant on condition subsequent, unless the language used by express terms creates an estate on condition, or unless the intent of the grantor to create a conditional estate is manifest from a reading of the entire instrument.' To the same effect see *Self* v. *Billings,* 139 *Ga.* 400 (77 S. E. 562)." *Johnson* v. *Hobbs,* 149 *Ga.* 587 (101 S. E. 583).

2. While it is not always easy to determine whether the condition created by the terms of a conveyance is precedent or subsequent (26 C. J. S. 467, § 141; *Mayor & Council of Gainesville* v. *Brenau College,* 150 *Ga.* 156, 159, 103 S. E. 164), the general rule is that, if the act or condition required does not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may as well be done after as before vesting of the estate, or if from the nature of the act to be performed, it is evidently the intention of the parties that the estate shall vest and the grantee perform the act after taking possession, then the condition is subsequent. 2 Washburn on Real Property, § 941; *Mayor & Council of Gainesville* v. *Brenau College,* 150 *Ga.* 156, 160 (supra). Thus, in the instant case, if the language relied upon could be held sufficient to create any condition, it would necessarily be a condition subsequent, since there could be no "laying out, setting aside, or dedication" of property by one who had no title thereto, and title would have to vest in the grantee before he could perform such an act. Code, § 85-410; *Jacobs' Pharmacy Co.* v. *Luckie,* 143 *Ga.* 457 (85 S. E. 332).

3. Since, under the terms of the instruments here involved, there are no express words of defeasance, forfeiture, or reversion, the words employed will be construed as words of covenant, and not words of condition; and the remedy for a breach thereof by one having the right to enforce the same would be an action thereon for damages, and not a forfeiture of the estate for condition broken. *Self* v. *Billings,* 139 *Ga.* 400 (77 S. E. 562); *Thornton* v. *Trammell,* 39 *Ga.* 202; *Thompson* v. *Hart,* 133 *Ga.* 540 (66 S. E. 270).

4. The right of the defendants to recover the property here involved upon the theory of reversion being dependent upon giving the deeds such a construction as would render the grants upon condition either precedent or subsequent, the trial court did not err in rendering judgment in favor of the plaintiffs, to the effect that the deeds here involved do not impose any restrictions, conditions, or covenants on the property described, and that the plaintiffs hold said property free and clear of any restrictions, conditions, or covenants as to use or enjoyment, because, construing the words employed as words of covenant, they were "for the benefit of the residential and philanthropic enterprises of the" grantee, and a breach thereof would give no right of action to the defendants. *Thompson* v. *Hart,* 133 *Ga.* 540 (66 S. E. 270); *City of Atlanta* v. *Jones,* 135 *Ga.* 376 (69 S. E. 571).

*Judgment affirmed. All the Justices concur.*

No. 16900. JANUARY 11, 1950.

*Jack J. Lissner Jr.,* and *Gowen, Conyers & Dickey,* for plaintiffs in error.

*A. A. Nathan* and *J. Wesley Jernigan,* contra.