No. 18,877.

THE D. C. BURNS REALTY AND TRUST COMPANY *v.* CITY AND COUNTY OF DENVER, ET AL.

(354 P. [2d] 150)

Decided July 11, 1960. Rehearing denied July 25, 1960.

Messrs. CADDES & CAPRA, for plaintiff in error.

Mr. JOHN C. BANKS, Mr. TEDFORD DEES, for defendant in error City and County of Denver.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, for defendant in error Attorney General of Colorado.

Mr. FRAZER ARNOLD, Mr. ARNOLD WEINBERGER, Mr. ALVIN WEINBERGER, for defendants in error Huffman.

*En Banc.*

PER CURIAM.

THE parties appear here in the same order as in the trial court where The D. C. Burns Realty and Trust Company was plaintiff and the City and County of Denver was defendant.

Plaintiff brought this action for the purpose of recovering certain valuable property which it had previously quitclaimed to the defendant City for park purposes. Three of the quitclaim deeds in question were dated and recorded June 12, 1940, and conveyed to the defendant City a ten-acre triangular parcel of land in the heart of Denver, bounded on the west by Colorado Boulevard, on the south by East Alameda Avenue, and on the north and east by Leetsdale Drive; all three of the said deeds stated that the conveyances were "for park purposes" and the "park to be known as D. C. Burns Park."

The last of the quitclaim deeds was dated October 7, 1941, and recorded July 28, 1943, and conveyed two other parcels of land by metes and bounds, containing some 4.19 acres which were contiguous to the original tract and contained the following proviso: "It is understood that this deed is given subject to the understanding that this property is to be a part of D. C. Burns Park and named accordingly."

It is unquestioned under the pleadings that the plaintiff formerly owned the said property in fee simple and that it was quitclaimed to the City for a park to be

known as D. C. Burns Park in order to honor and perpetuate the name of its president.

Plaintiff alleged the defendant City's neglect and failure to establish and maintain a park upon lands so conveyed, and prayed relief as follows: That the lands be returned for breach of trust, or that the deeds of conveyance be set aside and held for naught.

On December 3, 1956, Harry E. Huffman and Christine M. Huffman, who had purchased property near the "park site" in question from plaintiff, were permitted by the court to intervene. By their answer and counterclaim it is alleged that they had improved their property at considerable expense upon the representation of plaintiff that a park would be located upon said site. Their main interest, as appears from their pleadings, is to require or compel the defendant City to establish and maintain such park.

The Attorney General of Colorado was brought in as an indispensable party, and the defendant City, the Interveners, and the Attorney General all filed identical motions to dismiss under Rule 12(b) and for Summary Judgment under Rule 56, R.C.P. Colo., on the ground "that the complaint does not allege any clause or provision in any of said conveyances for reverter, forfeiture, or cancellation in the event said area is not used as a park."

The motions were heard and taken under advisement by the trial court and thereafter on September 11, 1958, it was ordered that "judgment enter in favor of defendants City and County of Denver, a Municipal corporation, and Attorney General for the State of Colorado, and the Interveners Harry E. Huffman and Christine M. Huffman, and against the plaintiff The D. C. Burns Realty and Trust Company, a Colorado corporation, for dismissal of so much of plaintiff's complaint as seeks to cancel or set aside conveyances of plaintiff to the City and County of Denver." From this ruling of the trial court the plaintiff has prosecuted this writ of error.

■ All of the deeds in question were placed in evidence and clearly show that they contained no provision for a defeasance, reverter, forfeiture, or the like in the event the ground was not maintained by the grantee for park purposes.

The leading case on this question is found in an early Colorado case, *Brown v. The State,* 5 Colo. 496. There the plaintiff had deeded to the Territory of Colorado ground upon which the State Capitol Building now stands "for the purpose of erecting a capitol and other public buildings thereon only." Twelve years went by without the erection of a Capitol Building and Brown repudiated his grant and compelled the State to sue for possession. The trial court held for the State and its judgment was affirmed by this court, stating in its opinion that it "found no sufficient ground for saying that the grant had been defeated or forfeited by reason of a breach of its supposed conditions, either express or implied." The court further pointed out that the possession of a deed and its record were prima facie evidence of its deliverance and acceptance, and made clear that "conditions of forfeiture in grants are not favored, and will not readily be implied," holding that since there was no breach of any condition subsequent the grant was valid.

The instant case presents an even stronger case than *Brown v. The State,* supra, in that here there is not the slightest indication of a condition subsequent, and most certainly no provision for a defeasance, reverter, forfeiture, or the like in the event the lands were not maintained by the grantee for park purposes.

The Brown case, which has never been questioned in any way, disposes of all contentions made by the plaintiff, and has been followed in many jurisdictions, as the following citations will indicate: *Clark v. City of Grand Rapids,* 334 Mich. 646, 55 N.W. (2d) 137; *Gordon v. Whittle,* 206 Ga. 339, 57 S.E. (2d) 169; *Phillips v. Laguna Beach Co.,* 190 Cal. 180, 211 P. 225; *Watts v. City of*

*Houston* (Tex. Civ. App. 1946), 196 S.W. (2d) 553; and *Ford v. City of Detroit,* 273 Mich. 449, 263 N.W. 425.

For the reasons assigned the judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DAY not participating.