24958, 24959.   FULFORD et al. v. FULFORD et al.;
and vice versa.

Argued December 9, 1968—Decided January 9, 1969.

*B. P. Jackson, Jr., E. Herman Warnock,* for appellants.

*Smith & Harrington, Preston N. Rawlins, Jr.,* for appellees.

Almand, Presiding Justice.   S. A. Fulford and Herman Fulford in their complaint against their brothers Grady Fulford, T. C. Fulford, Daries Fulford and Hubert Fulford sought the cancellation of: (1) a warranty deed from Daries Fulford to Thomas C. Fulford conveying a tract of 300 acres, more or less, in Wheeler County, Ga., and (2) a security deed from Thomas C. Fulford to Daries Fulford conveying the same tract as security for a described debt.

The plaintiffs subsequently by amendment added two counts to their complaint.   Each count sought cancellation of the two deeds and other equitable relief.

The defendants filed their answer and general demurrers to the amended complaint. The court sustained the demurrers to Counts 1 and 3 and overruled the demurrers to Count 2.

The defendants' motion for a summary judgment was overruled.

T. C. Fulford et al. filed their appeal (No. 24958) and enumerated as error the overruling of their general demurrer to Count 2 of the complaint, and the denial of their motion for a summary judgment.

Herman Fulford et al. filed their cross appeal (No. 24959) and enumerated as error the sustaining of the general demurrers to counts 1 and 3.

■ Count 1 of the complaint alleged that the plaintiffs and defendants were the sons of T. A. Fulford. It was further alleged that on or about February 7, 1956, their father conveyed by warranty deed to defendant Daries Fulford a described tract of land in Wheeler County, Ga., containing 330 acres more or less, reciting as the consideration for the conveyance, "love and affection and the sum of one dollar." Said conveyance was subject to a life estate reserved in the grantor. The granting clause of the deed contains the following: ". . . the said lands being conveyed with the restriction and condition that the said party of the second part may not sell and convey or encumber the said lands or any part thereof without the consent of all five of his brothers who may be in life at the time of said sale or encumbrance and who will evidence consent to such a sale or encumbrance by executing and delivering any and all deeds or other instruments that are made to sell, convey or encumber said property or any part thereof."

The habendum clause contained the words, ". . . subject to said life estate reserved in said party of the first part and the other conditions and restrictions hereinbefore mentioned and set forth."

It was alleged that notwithstanding the restrictions and condition subsequent contained in this deed, Daries Fulford, the grantee, attempted to convey by warranty deed all of said land, except two acres, to T. C. Fulford. Though the deed recites a consideration of $28,000, no part of the consideration has been

paid. It is further alleged that none of the other brothers consented to said conveyance, and that the fair market value of the land is $66,000. T. C. Fulford has allegedly entered into possession of said lands and is asserting ownership. It was also alleged that the defendants, T. C. Fulford and Daries Fulford, by executing the said deed without the consent of the remaining brothers, have broken the condition subsequent in the deed from T. A. Fulford to Daries Fulford, thereby causing a forfeiture and the reversion of said land to the heirs at law of T. A. Fulford, he having died intestate, with all of his expenses having been paid.

It was alleged that at the time Daries Fulford conveyed the land to T. C. Fulford, the latter executed his deed to Daries Fulford to secure the indebtedness of $28,000. It was further contended that this deed was null and void and should be canceled.

The cross appellant contends that the court erred in sustaining the demurrer to Count 1 in that the restrictions and conditions in the deed from T. A. Fulford to Daries Fulford were breached and the estate terminated when Daries Fulford conveyed the land to T. C. Fulford, and that the estate should revert to the heirs at law of T. A. Fulford.

The following statutory provisions are applicable to the question under consideration: "Conditions may be either precedent or subsequent. The former require performance before the estate shall vest; the latter may cause a forfeiture of a vested estate. The law inclines to construe conditions to be subsequent rather than precedent, and to be remediable by damages rather than by forfeiture." *Code* § 85-902. "Conditions repugnant to the estate granted or to do impossible or illegal acts, or which in themselves are contrary to the policy of the law, are void." *Code* § 85-903. "The dependence or independence of covenants or conditions must be collected from the intention of the parties, viewing the entire instrument; in dependent conditions the failure of the person first required to act shall be an excuse to the other party for failing to comply; if the conditions are independent, no such excuse shall avail. The law inclines to construe conditions to be independent." *Code*

§ 85-905. "Upon breach of condition subsequent, working a forfeiture, the person to whom the estate is limited may enter immediately." Code § 85-906. "Equity seeks always to construe conditions subsequent into covenants, and to relieve against forfeitures, where the rules of construction will allow." Code § 37-216.

The rule of construction of deeds containing restrictions or conditions on the estate granted is stated in the following language, "In an action for rescission and forfeiture of estate for breach of condition subsequent, based on a deed executed by the plaintiff to the defendant, the recitals in the deed relied upon to create an estate upon condition are to be construed in connection with the entire instrument, looking always to the intention of the parties, giving to any technical words employed the meaning intended by the parties, so far as ascertainable from the instrument, rather than their technical meaning; and if, upon a strict construction of the deed in its entirety (there being no express words of defeasance), it should be doubtful whether the instrument created an estate upon condition subsequent, or the words employed imported covenant, the latter construction should be adopted." Self v. Billings, 139 Ga. 400 (77 SE 562). "A deed will not be construed as a grant on condition subsequent unless the language used by express terms creates an estate on condition, or unless the intent of the grantor to create a conditional estate is manifest from a reading of the entire instrument." Thompson v. Hart, 133 Ga. 540 (66 SE 270). Where there are no express words of defeasance, forfeiture or reversion, the words in the deed will be construed as words of covenant and not words of condition. The remedy for a breach by one having the right to enforce the same would be an action for damages and not a forfeiture of the estate for condition broken. Thornton v. Trammell, 39 Ga. 202; Gordon v. Whittle, 206 Ga. 339, 340 (3) (57 SE2d 169).

In the case of Johnson v. Hobbs, 149 Ga. 587 (101 SE 583) it was held that, the right of the plaintiff to the relief prayed for being dependent upon giving the words quoted from the deed such construction as would render the instrument a grant upon condition subsequent, it was not error for the court to sustain

the general demurrer to the petition. In that case, a fee simple title to a tract of land was purported to be conveyed by a deed which contained the following words in the granting clause, "By accepting this deed Charles W. Johnson (the grantee) agrees that he will not sell to any person whatever without first offering it to W. P. Johnson (the grantor) at and for the sum of two hundred dollars ($200), this being the sum he pays for it; and if the said W. P. Johnson refuses to buy, the party of the second part may sell to whomsoever he pleases; but said W. P. Johnson's refusal must be in writing." It was held that such words were words of covenant and did not create a conditional estate upon a condition subsequent.

The deed under consideration purports to convey a fee simple title. There is no provision in the deed for a forfeiture of the estate or a reversion to the grantor in the event the grantee conveyed the property to another without the consent of the other brothers.

We, as the trial judge did, construe the restrictive words in the deed to be words of covenant and not as a condition subsequent. *Anthony v. Stephens,* 46 Ga. 241.

■ The third count of the complaint adopted all the material allegations of Count 1. The theme upon which this count is based is that there being no provision for forfeiting the estate in the event of a breach of the restrictions, such conditions should be construed as being words of covenant. It was further contended that damages awarded to the plaintiffs would not be a complete remedy and would not be the substantial equivalent of equitable relief. The prayers of this count were to cancel the deed and for injunctive relief.

We held in the first division that the restrictions and conditions contained in the deed from T. A. Fulford to Daries Fulford were words of covenant and not words of condition. The remedy for a breach thereof is an action for damages and not a forfeiture for condition broken.

In *Thornton v. Trammell,* 39 Ga. 202, the deed conveying an unconditional fee simple title contained the following words: "It being expressly understood by the parties that the said tract or parcel of land is not to be put to any other use than that of

a depot square, and that no business or improvements are to be put on the said tract but that which is immediately connected with the Western and Atlantic Railroad." These words were held to be words of covenant. The plaintiff's remedy was for damages and not a forfeiture of the estate. There are no allegations in the complaint that the defendants are insolvent. As was said in *Self v. Billings,* 139 Ga. 400, supra, "If, ordinarily, it would be proper to give consideration to insolvency of the grantee or inability to ascertain the damage which would result from a breach of the contract in determining whether rescission should be allowed for a breach of covenant, the absence of evidence on those subjects in the present case eliminates such matters from consideration." See also *Hollomon v. Board of Education,* 168 Ga. 359 (147 SE 882). The court properly sustained the general demurrer to Count 3.

■ We now consider the cross appellants' assignment of error on the overruling of their general demurrer to Count 2.

It was alleged in this count that on March 29, 1967, while the instant suit was pending, all the parties with their counsel met in the courtroom of the Wheeler County courthouse and made an agreement which was an accord and satisfaction (compromise settlement) of the action referred to in Count 1. It was further alleged that the agreement in settlement of the litigation was as follows:

"(a) The defendant T. C. Fulford would reconvey to Daries Fulford the land conveyed by Daries Fulford to him as set forth in Exhibit B of this petition.

"(b) The defendant Daries Fulford would surrender up to T. C. Fulford all evidences of indebtedness for the alleged purchase price of said lands as security therefor, and the security deed given by T. C. Fulford would be satisfied of record.

"(c) Daries Fulford would sell the said lands as set forth in Exhibit B, provided that he would not sell the tract of land lying on the southwest side of a public road running through said land containing 12 acres, more or less, and the tract of land on which his residence is situated on the northeast side of said road with a frontage of 420 feet and a depth of 420 feet, the house to be in the center of the 420 foot front.

"(d)  The best purchase offers would be obtained from the parties to this litigation and from outside parties, and 30 days from that date all parties again meet in the courtroom of the Wheeler County courthouse, would consider all offers submitted and would at that time have an opportunity of again bidding on the property and buying the same.

"(e)  At that time and after all of the offers for the purchase of said land had been submitted, and bidding had ceased, the highest offer for cash, made by anyone, would be accepted by Daries Fulford.  The purchase price at the option of the purchaser could be paid with a minimum of 30% of the purchase price in cash and the remainder payable in three equal annual instalments, bearing interest at 6% per annum on the remaining unpaid portion of the purchase price, the same to be evidenced by promissory notes of the purchaser, the payment of which was secured by a deed to secure debt conveying the lands purchased.

"(f)  Daries Fulford would thereupon make his deed of general warranty to the purchaser, which said sale would be approved by the remaining parties to this case, in accordance with the terms of the deed.

"(g)  Daries Fulford would then grant and convey and deliver the purchase price received by him and would transfer any notes and security deed representing the balance of the purchase price to the First National Bank & Trust Company in Macon under a trust instrument whereby Daries Fulford would receive the income from the trust at least annually, with the power to the trustee to encroach on the corpus of the trust estate for the support and maintenance of Daries Fulford so long as he should live; the trust would terminate at the death of Daries Fulford and the remainder of the trust estate, if any, would be distributed to the heirs of Daries Fulford as determined at the date of his death.

"(h)  Inasmuch as each of the other parties to this litigation held deeds from their father, T. A. Fulford, dated Feb. 7, 1956, to various tracts of land containing the identical condition, exception, reservation and restriction as to sale as contained in the deed to Daries Fulford marked Exhibit A, each of the par-

ties to this case would convey to the holder of such deed a proper release of their rights and powers to approve any sale, conveyance, or encumbrance of the lands held by such party."

It was alleged that plaintiffs entered into performance of this agreement by soliciting offers for the purchase of said property and had agreed that the order restraining T. C. Fulford from working the timber for turpentine be modified so as to permit him to do so. They alleged that though they had asserted their readiness to perform their part of the agreement, the defendants had refused to carry out the said agreement. They prayed for a cancellation of the two deeds and for injunctive relief. ·

The appellants assert that their general demurrer should have been sustained because (a) the alleged compromise and settlement agreement involved the conveyance of land, and therefore had to be in writing in order to be enforceable (*Code* § 20-401) and (b) the agreement alleged was too vague, general and indefinite to be enforced. "A compromise or mutual accord and satisfaction is binding on both parties." *Code* § 20-1205.

"Compromise may be defined as any agreement or arrangement by which, in consideration of mutual concessions, a controversy is terminated." 11 AmJur 246, § 2. In order to render valid the compromise of a claim, it is not essential that the matter should be really in doubt. It is sufficient if the parties consider it so far doubtful as to make it the subject of a compromise. *City Electric Railway Co. v. Floyd County,* 115 Ga. 655 (42 SE 45). "The compromise of a contention as to property rights, the final outcome of which, if settled by litigation, the parties consider to be doubtful, furnishes a consideration sufficient to support the compromise contract. . . It is well settled that in equity the termination of family controversies affords a consideration which is sufficient to support a contract made for such purpose." *Belt v. Lazenby,* 126 Ga. 767 (56 SE 81).

"Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence. . . Much more readily will Courts of Equity give effect to agreements of compromise of conflicting claims, especially *when they partake of the nature of family arrangements,* as will be seen by an examination of the cases hereinafter

cited." *Smith v. Smith,* 36 Ga. 184 (91 AD 761). (Emphasis supplied.) See also *Folds v. Folds,* 187 Ga. 463 (1 SE2d 4), and *Preston v. Ham,* 156 Ga. 223 (118 SE 658).

The alleged agreement is not so vague, indefinite and general as to render it unenforceable. "Nor is it necessary that a contract shall state definitely and specifically all facts in detail to which the parties may be agreeing, but as to such matters it will be sufficiently definite and certain if it contains matter which will enable the courts, under proper rules of construction, to ascertain the terms and conditions on which the parties intended to bind themselves. That is certain which may be made certain." *Dorsey v. Clements,* 202 Ga. 820 (44 SE2d 783).

"Where an agreement for the compromise of a pending cause is made by a party and his counsel on the one hand, and by the counsel of the opposite party and ratified by his client, whereby one of the parties is to do certain acts, such agreement upon performance or offer to perform according to its terms within a reasonable time, becomes binding on the parties, and puts an end to the original subject-matter of the controversy. . . Such an agreement need not be in writing. . . The rule of the court, that no consent between attorneys or parties, if denied, will be enforced if not in writing, has no application to an oral agreement and compromise of a pending suit. . . The settlement of doubtful issues involved in a pending cause is a sufficient consideration to support an agreement of settlement and compromise . . . Where in a claim case the plaintiff in fi. fa. and the claimant orally agree to settle the issues in the pending case, by the terms of which settlement the claimant is to pay one half of the costs, and a certain amount of money to the plaintiff, and transfer to the plaintiff a certain bond for title, upon the performance by the claimant of the conditions imposed upon him, or an offer to perform by him within a reasonable time, such agreement and settlement may be pleaded in bar of the further prosecution of the case." *Boswell v. Gillen,* 131 Ga. 310 (62 SE 187); *Kapiloff v. Askin Stores,* 202 Ga. 292 (42 SE2d 724); *Hale v. Lipham,* 61 Ga. App. 191 (6 SE2d 115). There was no error in the overruling of the appellant's general demurrer to Count 2.

∎

■ The assignment of error on the denial of the appellant's motion for a summary judgment on Count 2 is properly before us on the certificate of the trial judge. The thrust of the motion is that the alleged oral settlement was void because it was not in writing. Having ruled in Division 3 of this opinion that it was not void, it follows that the court did not err in denying the motion.

*Judgments affirmed on the main appeal and on the cross appeal. All the Justices concur.*