25464. FULFORD et al. v. FULFORD et al.

ARGUED OCTOBER 14, 1969—DECIDED DECEMBER 4, 1969—
REHEARING DENIED DECEMBER 18, 1969.

*Wm. Malcolm Towson,* for appellants.

*Smith & Harrington, Will Ed Smith, Preston Rawlins, Jr.,* for appellees.

GRICE, Justice. This appeal is further litigation of a family controversy involving the sale of land by one brother to another. Legal proceedings began when S. A. Fulford and Herman Fulford filed suit in the Superior Court of Wheeler County against their brothers Grady Fulford, T. C. Fulford, Daries Fulford and Hubert Fulford seeking cancellation of a warranty deed conveying approximately 300 acres from Daries Fulford to T. C. Fulford and of a security deed from T. C. Fulford to Daries Fulford covering the same land, besides other relief. The plaintiffs later amended their complaint by adding two counts, one of which (Count 2) alleged an agreement of compromise and settlement between the parties. The defendants interposed their answer and general demurrers to the complaint as thus amended. The trial court sustained the demurrers to Counts 1 and 3, but overruled those to Count 2. It also denied the defendant's motion for summary judgment.

Upon appeal and cross appeal this court affirmed. *Fulford v. Fulford*, 225 Ga. 9 (165 SE2d 848). In doing so it made several rulings. However, only one requires mention here, that upholding Count 2 of the amended complaint. That count alleged that all of the parties to the original action reached a compromise and settlement of the matters involved in it whereby, in substance, T. C. Fulford was to reconvey to Daries Fulford the land in question; Daries Fulford was to surrender to him the promissory note and security deed which he had given him; the land was thereafter to be sold in an agreed manner, and the proceeds were to be placed in trust for the benefit of Daries Fulford; and certain of their lands were to be freed from the restraint of alienation provided in deeds from their father. This court held that this agreement was not too vague, indefinite and general to be enforceable, and was not required to be in writing.

Several realignments of parties occurred, resulting in the plaintiffs being Herman Fulford, Hubert Fulford and Daries Fulford, and the defendants being Grady Fulford, T. C. Fulford, and S. A. Fulford.

The case proceeded to trial upon Count 2 only, and the plaintiffs obtained a verdict and judgment favorable to them. Their motion for new trial being denied, the defendants appealed to this court.

The enumerations of error, in essence, relate to the following: denial of the motion for new trial, entry of the judgment, admission of certain evidence, and portions of the charge to the jury. These will be elaborated upon in the treatment hereinafter given.

■ The enumerations of error raise an issue as to whether the evidence was sufficient to support the jury's finding that an agreement of compromise and settlement was made. This issue arises from the general grounds of the motion for new trial and an enumeration complaining of the verdict and judgment.

The testimony on this subject involves in the main what transpired at a meeting of all of these brothers and certain attorneys while the suit was pending. Some of the brothers and one of the attorneys present testified unequivocally that the agreement as alleged in Count 2 was then and there entered into. On the other hand, there was testimony from other brothers that

no such agreement was ever made. Upon this appeal several circumstances are referred to as indicative that the defendants did not enter into any agreement. However, the jury resolved this conflict of evidence in favor of the plaintiffs. Since the evidence amply supported the verdict, and the trial judge approved it, the enumerations of error relating to this issue are not meritorious.

■ Several grounds of the amended motion for new trial and of the enumeration of errors present the common issue of whether the trial court should have allowed the jury to consider evidence on the value of the property in question. In this connection, four witnesses on behalf of the plaintiffs testified as to such value and two of the defendants were cross examined on this subject. The court failed, upon defendant's motion, to purge the plaintiffs' complaint as to such value, and also refused to grant a mistrial because of the admission in evidence of testimony relating thereto.

This evidence was relevant as to the negotiations on the alleged agreement of compromise. Whether the sale by Daries Fulford to his brother T. C. Fulford was fair and for adequate consideration, as the defendants contended, or was unfair, overreaching and for inadequate consideration, as the plaintiffs contended, was germane to these negotiations. Also, this evidence of value bore upon the question of what, if any, advantage T. C. Fulford would be surrendering if he reconveyed the land to Daries Fulford.

Consideration of value was not, as the appellants contend, improper because it was not shown whether the estimates given were based upon the property with or without the restraint against alienation above referred to. This feature was a matter for interrogation of the witnesses who gave their estimate as to value.

Furthermore, any confusion in the minds of the jurors as to their consideration of the value of the land, as contended by the appellants, was cleared by the court's charge, which plainly explained the limited effect to be given to such evidence. The jury was charged that testimony as to the value of the land "was admitted and allowed for the limited purpose of showing

the issues before the parties which were the subject matter of the alleged compromise and settlement. A disparity in value and such factors relating to the consideration of the deed from Daries Fulford to T. C. Fulford would not justify alone a finding for or against the alleged settlement agreement. It was admitted only as one of the circumstances before the parties. . . . Whether there was a valid compromise agreement depends upon the occurrences at the March 29 meeting, rather than the issues in the pending litigation, under the rules I have already given you in charge relating to the laws of contracts. The issues and evidence relating to the issues in the pending cause were admitted only to show a subject matter upon which the alleged settlement contract could operate."

■ The enumeration relating to the admission into evidence of a memorandum of notes which an attorney for the plaintiffs had made at a meeting of parties and counsel is without merit.

Counsel for appellees identified this memorandum. Upon its tender in evidence counsel for appellants objected, contending that it was only a part of the alleged agreement, that it was not dated, that it was not signed by the parties, that there was no relationship of it to the parties, that it was not shown that any of the parties knew that the notes were being taken, and that the pleadings alleged an oral agreement, not a writing or a written agreement. Thereupon the court ruled that this memorandum would be admissible for the jury's consideration as to whether or not there was an agreement.

We regard none of the objections as meritorious. Accordingly, the trial court did not err in this ruling.

■ There is no merit in the enumeration complaining of the giving, over the objections of appellants, of appellees' requests to charge relating to the definition of compromise, consideration for compromises, and the binding effect of such agreements by parties and their counsel. Appellants objected to these requests to charge on the grounds that they were contrary to law, contradictory, vague and misleading.

There was no merit in these objections.

The requested charges are taken almost verbatim from the opinion of this court in *Fulford v. Fulford*, 225 Ga. 9, 16, supra,

■

upholding the same Count 2 upon which the present trial is based.

■ The enumeration complaining that the judgment goes beyond the scope and prayers of the complaint and is not authorized by law as applied to the pleadings in the case is without merit. The only provisions of the judgment not specifically prayed for, are either elaboration as to relief actually sought or suggestion as to effectuation of the agreement of compromise and settlement which the jury found was made by the parties. These matters were within the scope and prayers of the complaint and were authorized by the specific prayers and the one for general relief.

■ Two of the enumerations aver in substance that the judgment was erroneous in that it provided that the warranty deed and the security deed relating to the sale in question be canceled but failed to provide for repayment or restitution to the defendant T. C. Fulford for payment he had made to the plaintiff Daries Fulford on the purchase price or for debts and obligations against the property paid by T. C. Fulford.

The only issue upon the trial was whether an agreement of compromise and settlement had been entered into by the parties, and the jury found that such an agreement had been made. However, there was no evidence that the agreement provided for restitution to T. C. Fulford, and therefore the court had no authority to include such in its judgment.

■ The appellants urge in one enumeration that certain provisions of the final judgment violate the prohibition against mandatory injunctions of *Code* § 55-110.

After enjoining the defendants from breaching the agreement of compromise and settlement, the judgment provides for the following in order to effectuate it: "(a) The parties to this case may at their option meet" at a specified time and place to submit bids for sale of the property; "(b) The said plaintiffs may in their discretion" have the property surveyed and platted; "(c) The parties to this cause and their counsel may use such diligence as desired" in obtaining offers from third persons. The acts in the foregoing subsections are clearly permissive, not mandatory. The remaining subsections ordering the plaintiff

Daries Fulford to execute and deliver a deed, enter into a trust agreement, and place in the trust the net purchase price, even if mandatory, are directed to an appellee, not to the appellants, and therefore the appellants cannot complain.

We find no error in the rulings made.

*Judgment affirmed. All the Justices concur. Felton, J., not participating.*