### 57882. MUNFORD, INC. v. CITIZENS & SOUTHERN NATIONAL BANK.

MCMURRAY, Presiding Judge.

On August 9, 1961, J. A. Young, as lessor, and Handy Andy's Food Stores, Inc., as lessee, entered into a lease of business premises. The lease provided that "Lessee leases and shall use said premises for the operation of a

general merchandise establishment . . . provided, however, the Lessee shall not sell any alcoholic beverages, save and except it may sell, if properly licensed to do so by the authority having jurisdiction thereof, packaged beer, not for consumption on the premises." Another provision of the lease stated that "[u]pon the failure of the Lessee . . . to comply with any of the terms, conditions or agreements herein contained, the Lessor shall have the right, without notice and without legal process, to declare this lease at an end and may forthwith enter said premises, and forcibly or otherwise remove all persons and things therefrom and repossess the same . . ."

The parties in this action for writ of possession are Munford, Inc., successor in interest to Handy Andy's Food Stores, Inc., and the Citizens and Southern National Bank, as executor of J. A. Young.

In May, 1974, Munford, Inc. began selling wine at the leased premises. The Citizens and Southern National Bank gave notice of its election to terminate the lease in September, 1977.

The parties waived a jury trial and the case was tried on a stipulation of facts. The trial court granted judgment in favor of the Citizens and Southern National Bank and ordered that a writ of possession issue to it. Munford, Inc. appeals, contending that this action is barred by Code Ann. § 3-717 (Ga. L. 1953, p. 238). *Held:*

Code Ann. § 3-717, supra, provides that: "All actions for breach of any covenant restricting lands to certain uses shall be brought within two years after the right of action shall have accrued. For the purpose of this section, the right of action shall accrue immediately upon the violation of the covenant restricting lands to certain uses." Munford, Inc. contends that it matters not whether the restriction contained in the lease agreement be a "covenant" or as the Citizens and Southern National Bank contends, a "condition subsequent." If such was the intention of the legislature they could easily have drafted this statute accordingly, but they did not. We will not disregard this distinction.

We agree with the contention that the restriction in question here is a condition subsequent rather than a covenant. No precise technical words are required to

create a condition subsequent. This is not a case where the document in question contains no express words of defeasance, forfeiture or reversion so that the words in question will be construed to be a covenant. See in this regard *Fulford v. Fulford,* 225 Ga. 9, 12 (165 SE2d 848). Here the plain words of the lease declare that a breach of the conditions shall authorize the lessor to terminate the lease. There is no room for construction. *City of Barnesville v. Stafford,* 161 Ga. 588, 590 (1) (131 SE 487).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MAY 3, 1979 — DECIDED SEPTEMBER 4, 1979 —

*Charles M. Stapleton,* for appellant.
*Richard B. Miller,* for appellee.