## 45732. HASTY et al. v. HEALTH SERVICE CENTERS, INC.
(373 SE2d 356)

HUNT, Justice.

The issue raised in this appeal is whether a lessee's right of first refusal to purchase the leased property (a nursing home) was triggered by the lessor's grant of an option to purchase to a third party.[1] The trial court determined that the grant of the option by the lessor, Dr. Boddy, to the third party, Jupiter Hospital Corp., activated the right of first refusal belonging to the lessee, Health Service Centers, Inc. (HSC) and granted specific performance. Hasty, executor of the estate of Dr. Boddy, appeals that final judgment.

HSC's right of first refusal was set forth as a provision of the lease agreement between it and Dr. Boddy:

. . . during the term of this Lease, prior to any sale of the Leased Premises or Leased Personalty or any interest therein, Lessor shall give Lessee written notice specifying the specific terms on which it will sell the Leased Premises or Leased Personalty whether resulting from an offer to purchase the Leased Premises or Leased Personalty received by Lessor or otherwise, and Lessee shall have thirty (30) days within which to purchase the Leased Premises or Leased Personalty or such interest therein on the same terms and conditions as set forth in such written notice. . . .

The option granted by Dr. Boddy to Jupiter stated:

. . . Seller does hereby grant and convey to Purchaser the exclusive option to purchase [the nursing home]. . . . The option granted in Section 1 hereof may be exercised by Purchaser, by giving notice of the exercise thereof to Seller. . . . In the event Purchaser elects to exercise the option . . . from and after the giving of said notice, this Agreement shall be deemed for all purposes a legally enforceable contract between Seller and Purchaser for the sale and purchase of the Real Property and Personal Property, *subject, however, to the right of first refusal in the "Lease"* (as hereinafter defined) *if exercised during the term of the Lease. . . .* [Emphasis supplied.]

In *Shiver v. Benton,* 251 Ga. 284, 285 (304 SE2d 903) (1983), we

---

[1] The parties here were involved in previous litigation involving the same property. See *Health Service Centers, Inc. v. Boddy,* 257 Ga. 378, 380 (359 SE2d 659) (1987). There, we held that the lessee's option to purchase was extinguished by the subsequent lease, which included the right of first refusal at issue here.

said that:

> A right of first refusal may have many similarities to an option but is more adequately defined by the term preemptive right. [Cit.] An option right gives to the holder the power to compel a sale by an unwilling owner. A preemptive right merely sets a requirement that *when the owner decides to sell* the person holding the preemptive right must be offered the opportunity to buy. [Emphasis supplied.]

See generally 1A Corbin, Corbin on Contracts, § 261.

It is apparent that this preemptive right of first refusal is protected even under the terms of the option agreement in the event of an exercise of the option during the term of the lease. The real issue, then, is whether under the first refusal agreement it can be activated *before* an exercise of the option; that is, by the grant of the option itself.

Hasty's argument is that the right of first refusal is triggered only by a *sale*[2] of the nursing home and that the mere granting of the option does not amount to a conveyance of an interest in property. While it is true, under Georgia law, an option is not a conveyance of a real property interest,[3] *Reeve v. Hicks*, 197 Ga. 181, 185 (28 SE2d 649) (1944); *Hughes v. Holiday*, 149 Ga. 147, 150 (99 SE 301) (1919); 2 Pindar, *Georgia Real Estate Law and Procedure*, § 18.7 (3d ed. 1986), it nonetheless demonstrates beyond any doubt the intent of the grantor of the option to dispose of his property. Indeed, he is contractually bound to sell his property if the optionee accepts the unilateral offer within the option period. *Hughes v. Holiday*, supra at 150.

The right of first refusal granted by Dr. Boddy to his lessee, HSC, does not require a *sale* of the property nor the exercise of the option. The plain and sufficiently precise language that lessor must give notice

> prior to any sale . . . [of] the specific terms on which it will sell the leased premises . . . whether resulting from an offer to purchase . . . received by lessor or otherwise

---

[2] By his use of the word "sale" we assume Hasty is referring to the existence of a binding sales contract, such as the acceptance, as well as the offer of the option. Surely Hasty does not insist that the holder of a right of first refusal must wait until a sale has closed and then attempt to set it aside.

[3] "The exercise of the right of election given to the optionee under an option contract is a condition precedent to the vesting of any property right in him; . . ." *Hughes v. Holiday*, 149 Ga. 147, 150 (99 SE 301) (1919).

requires a conclusion that the preemptive right of first refusal was triggered by the granting of the option. The option amounted to a method by which lessor *otherwise* committed himself to sell the premises on specific terms.

To support his contention that only a sale during the lease period will trigger the preemptive right, Hasty relies on a New York case, *Kings Antiques Corp. v. Varsity Properties, Inc.*, 503 NYS2d 575, 577 (1986), and a Massachusetts case, *Seward v. Weeks*, 274 NE2d 813 (Mass. 1971). We find both cases distinguishable on their facts: the former,[4] because the language of the right of first refusal required a sale; the latter,[5] because the option could not be exercised during the term of the right of first refusal.[6]

The trial court correctly decided that Jupiter's option triggered the lessee's right of first refusal and its grant of specific performance is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 1988.

*Parker, Hudson, Rainer & Dobbs, J. Marbury Rainer,* for appellants.

*Arnall, Golden & Gregory, Allen I. Hirsch, Ann S. Infinger,* for appellee.

---

[4] In *Kings Antiques*, the New York Supreme Court, Appellate Division, held that where the language of the first refusal agreement (also contained in a lease) says only "landlord agrees to give first refusal on sale of building," the right of first refusal does not mature until the option is exercised by the optionee

[5] In *Seward*, the Supreme Judicial Court of Massachusetts considered a lease which contained a right of first refusal "in the event of a contemplated sale during the demised term." The option given by the lessor to a third party provided that it could not be exercised until *after* the termination of the lease. The *Seward* court held, that in the absence of a showing of bad faith, such an option did not activate the right of first refusal. But see *Rollins v. Stokes*, 123 Cal. App.3d 701 (1981), where a California court held that a right of first refusal granted during the term of a lease is triggered by an option which cannot be exercised before the lease expires because the granting of the option forms a binding contract so far as the optionor is concerned, subject only to conditions which are removed by acceptance by the optionee. In that state, when the option is accepted after the lease has expired, the optionee's rights relate back to the date of the option.

[6] We express no opinion whether we would hold that an option which could not be exercised until after the lease expired would trigger a right of first refusal contained in the lease as those facts are not before us here. See footnote 5, supra.