## A89A1690. FULTON COUNTY v. COLLUM PROPERTIES, INC.
(388 SE2d 916)

BIRDSONG, Judge.

Appellant, Fulton County, appeals the order of the trial court denying its motion for new trial or judgment notwithstanding the verdict and the judgment entered pursuant to a jury verdict against appellant.

Appellant entered a lease agreement for a warehouse, which contained office space, owned by appellee. Subsequently, appellant declined to move into the premises asserting that appellee had failed to comply with certain alleged conditions precedent contained in the lease. Appellee brought suit for breach of contract. *Held*:

1. Appellant asserts that the trial court erred in denying its motion for directed verdict made at the close of plaintiff's case, and in subsequently denying the motion for new trial or judgment notwithstanding the verdict.

a. Appellant's multiple assignments of error contained within a single enumeration are in violation of OCGA § 5-6-40. However, in the interest of judicial economy we will address in Division 1 of this opinion all errors expressly raised in appellant's first enumeration of error.

b. Appellant's main contention is that the lease contained certain conditions precedent, pertaining to the modification of the building in accordance with a certain blueprint and the requirements of the City of Atlanta, which either were not performed or were not timely performed by the appellee thereby releasing appellant of any obligation under the lease agreement, and rendering appellant not liable to the appellee for its refusal to accept the premises.

The first paragraph of the leasing contract pertinently contains the following typed provisions: "[S]aid Tenant hereby leases and takes upon the terms and conditions which hereinafter appear, the following described property (hereinafter called 'Premises'), to-wit: Building and adjacent land known as 446 and 454 Whitehall Street, S.W., Atlanta, Georgia. . . . Said building will be modified by Landlord at its expense substantially in accordance with the attached blueprint. . . . Said building, as so modified, will consist of approximately 10,700 square feet, and being known as 446 Whitehall Street., SW." The lease further contains the following printed and typed special stipulation: "In so far as the following stipulations conflict with any of the foregoing provisions, the following shall control. 1. With reference to the modification of the existing building pursuant to Paragraph 1 (Premises) hereinabove, same will be done by Landlord in accordance with the requirements of the City of Atlanta. Further, all equipment, plumbing, heating, electrical, air conditioner, and sprinkler will be in good working order when Tenant occupies building." In

addition, paragraph 10 of the lease, a printed paragraph, provides in part that "Tenant accepts the Premises *in their present condition* and as suited for the uses intended by Tenant." (Emphasis supplied.)

"Conditions may be precedent or subsequent. A condition precedent must be performed before the contract becomes absolute and obligatory upon the other party. The breach of a condition subsequent may destroy the party's rights under the contract or may give a right to damages to the other party, according to a true construction of the intention of the parties." OCGA § 13-3-4. "The law favors conditions to be subsequent rather than precedent and to be remediable by damages rather than by forfeiture." OCGA § 44-6-41. Further, "[w]here the rules of construction will allow, equity seeks always to construe conditions subsequent into covenants and to relieve against forfeitures." OCGA § 23-1-23.

No precise technical words are necessary to create a condition subsequent. *Munford, Inc. v. C & S Nat. Bank,* 151 Ga. App. 112, 113 (258 SE2d 766). Neither are precise technical words necessary to create a covenant. However, "[w]ords such as 'on condition that,' 'if,' and 'provided,' are words of condition, and in the absence of indication to the contrary, the employment of such words in a contract creates conditions precedent." 6 EGL, Contracts, § 83. Also, "[e]xpress statements to the effect that a condition is to be construed as a condition precedent are often contained in contracts and are entitled to be so construed in carrying out the intent of the parties." Id. It is readily apparent that the contested provisions of this leasing contract do not contain any of these words of condition. We further note that the lease on its face reflects that the provisions in question were negotiated and that the appellant/lessee had the lease reviewed and approved as to form by an assistant county attorney on the day of its execution. Nevertheless the absence of such words does not per se resolve this matter.

"While it is not always easy to determine whether the condition created by the terms of a conveyance is precedent or subsequent [cits.], the general rule is that, if the act or condition required does not necessarily precede the vesting of the estate [or usufruct], but may accompany or follow it, and if the act may as well be done after as before vesting of the estate [or usufruct], or if from the nature of the act to be performed, it is evidently the intention of the parties that the estate [or usufruct] shall vest and the grantee perform the act after taking possession, then the condition is subsequent." *Gordon v. Whittle,* 206 Ga. 339 (2) (57 SE2d 169).

"Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties." *Health Svc. Centers v. Boddy,* 257 Ga. 378, 380 (359 SE2d 659). We find that the questioned terms of this contract are

clear and are not ambiguous. Accordingly, we must examine the document on its four corners to determine the intention of the parties. In so doing, we find it readily apparent that in addition to the lack of words of condition, the provisions in question fail to contain any express words of defeasance, forfeiture, or reversion in regard to the building modification provisions here in question. We are satisfied that it was not the intent of the parties at the time this lease was executed to provide for a condition precedent either in regard to making building modifications substantially in accordance with the referenced blueprint or in regard to making such modifications according to building requirements of the City of Atlanta.

Thus, in the instant case, if the language relied upon can be held to create any type of condition, it would necessarily be a condition subsequent. However, a lease will not be construed as containing a condition subsequent, " ' "unless the language used by express terms creates an estate [or usufruct] on condition, or unless the intent . . . to create a conditional estate [or usufruct] is manifest from a reading of the entire instrument." ' " *Gordon*, supra at 340 (1). Examining this lease in toto we find no such intent. Further, "[s]ince, under the terms of the instrument[ ] here involved, there are no express words of defeasance, forfeiture, or reversion, the words employed will be construed *as words of covenant*, and not words of condition; and the remedy for a breach thereof by one having the right to enforce the same would be an action thereon for damages, and not a forfeiture of the estate [or usufruct] for condition broken." (Emphasis supplied.) Id. at 340 (3); see *Fulford v. Fulford*, 225 Ga. 9 (1), 12 (165 SE2d 848); compare *Munford*, supra at 113-114. Thus, we conclude that appellant was not entitled to claim a forfeiture of contract in any event. OCGA § 23-1-23.

Moreover, we are satisfied that some evidence exists in the record to support the verdict of the jury and the judgment as rendered. Specifically, there exists some evidence that appellee not only complied with these leasing requirements, but that such compliance timely occurred.

We find the cases of *Barnes v. Strohecker*, 17 Ga. 340 and *Strohecker v. Barnes*, 21 Ga. 430, to be distinguishable from the facts in this case. In particular, appellant/tenant in this case expressly contracted to accept "the Premises in their present condition," and the provisions in question contain no common words of condition and no words of forfeiture, defeasance or reversion.

Thus, for each of the reasons above discussed, we find all of appellant's assertions in support of this enumeration of error to be without merit.

2. Appellant asserts that the trial court erred in refusing to give defendant's charge number 12.

Review of the record reveals that appellant failed to object at trial to the failure to give charge number 12, and failed to take exception to the substitute charge given by the trial court. Accordingly, appellant has waived the right to assert error on appeal to the trial court's refusal to give the requested charge and to the court's substitute charge. OCGA § 5-5-24; *Morris v. DeLong*, 183 Ga. App. 124 (2) (358 SE2d 285).

Appellant asserts for the first time in its brief that the trial court also erred because it should have sua sponte charged the jury as to conditions precedent pursuant to *Rice v. Harris*, 52 Ga. App. 42 (182 SE 404). This assertion is not contained within appellant's enumerations of error; accordingly this issue is not properly before this court for review. *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (367 SE2d 272); *Partain v. State*, 139 Ga. App. 325 (6) (228 SE2d 292). Further, " '[a]n enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration.' [Cits.] One cannot expand the scope of review or supply additional issues 'through the process of switching, shifting, and "mending your hold." ' " *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223-224 (372 SE2d 493).

Accordingly, we find this enumeration of error to be without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED DECEMBER 1, 1989.

*Alfred J. Turk III*, for appellant.
*Martin L. Ellin, James V. Zito*, for appellee.