A90A1360. HAYES v. MEDICAL DEPARTMENT OF DeKALB
COUNTY JAIL et al.
(398 SE2d 837)

Cooper, Judge.

Appellant files this pro se appeal from an order of the trial court denying appellant's motion to amend the complaint and dismissing appellant's case with prejudice.

The underlying facts of this case involve incidents which occurred in April and May 1988 while appellant was incarcerated at the DeKalb County Jail. Appellant filed his complaint alleging that he was given another inmate's thorazine medication by mistake. The other inmate, who had the same last name as appellant, had been previously transferred from the cell then occupied by appellant. Appellant alleges that he entered a guilty plea on a kidnapping charge while under the influence of the mistaken medication and consequently could not adequately defend the charges against him. Appellant became aware of the mistake on April 29, 1988, at which point appellant had been taking the thorazine for two or three weeks. On May 3, 1988, appellant prepared two affidavits, one of several inmates who witnessed appellant being given the wrong medication, and one of appellant himself reciting the facts involved. Around the same time, appellant filed a grievance with the jail authorities, and soon thereafter attempted to obtain a new trial of his criminal case. This civil tort case for negligence was filed on October 12, 1989, against "Medical Department" and "unknown John or Mary Doe." After these defendants answered, claiming that the named defendants were neither a legal entity nor persons capable of being sued, appellant then filed a motion to amend the complaint to add real party defendants, including individuals employed by the county in their official capacity. The trial court ruled appellant's amendment to be time barred and void because the complaint itself was time barred due to appellant's failure to file the complaint within 12 months of the accrual of the claim as required by OCGA § 36-11-1. The court denied appellant's motion and dismissed the case with prejudice because appellant failed to appear when the case was called for trial.

1. We first grant appellees' motion to file an out-of-time brief. The brief filed by appellant does not reflect a Certificate of Service to appellees, and consequently we will consider their brief on this appeal.

2. OCGA § 36-11-1 provides that all claims against counties must be presented within 12 months after the claims accrue or become payable or else they are barred. Appellant's first enumeration asserts that this statute of limitation was tolled because the jail officials promised some future relief in response to the grievance filed by appellant, which relief was never forthcoming. The response to the grievance

form, which is in the record, states that appellant's complaint was "previously granted" and specifies the relief that was in fact granted. Appellant's argument provides no basis for tolling of the limitation period. Appellant then argued that the discovery rule as set forth in *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981), provides an exception to the court's decision. "A cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." Id. at 320. The record reveals that appellant was aware of any injury that may have occurred and whose conduct was involved by early May 1988. Thus, this is when the claim accrued and appellant had 12 months from this time to file his civil suit. Since the suit was in fact filed months late, the court did not err in its decision that the suit and the amendment were therefore time barred.

3. Appellant next alleges that he suffered a continuing tort which tolled the limitation period. Even if appellant's allegation that a continuing tort occurred is true, "the statute of limitation . . . commence[s] to run under these circumstances . . . [when] the continued tortious act producing injury is eliminated. . . ." *Everhart v. Rich's Inc.*, 229 Ga. 798, 802 (2) (194 SE2d 425) (1972). The record is clear that the mistaken medication ceased to be administered to appellant at the end of April 1988. The claim is thus time barred.

4. Appellant's next enumeration that the court erred in failing to weigh the evidence in a light favorable to the appellant is without merit. Appellant fails to discuss this contention at all, but instead supports this enumeration with constitutional arguments that are raised for the first time on appeal. The court, in its order, correctly discussed the facts and the law involved in this case, and we find no error in its decision. As to the constitutional arguments of appellant, " ' "(a)n enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration." ' " *Fulton County v. Collum Properties*, 193 Ga. App. 774, 777 (2) (388 SE2d 916) (1989). Therefore, these issues are not properly before this court for review. Id.

5. In the fourth enumeration, appellant argues that the limitation period should be tolled because the mistake diminished his mental capacity such that he was not capable of bringing suit within the required time period. Based on appellant's activities shortly after discovering the mistake, such as preparing and obtaining affidavits and attempting to obtain a new trial in his criminal case, we conclude that appellant's mental capacity did not prevent him from filing a civil action within the limitation period.

6. Appellant's assertion that the appellees committed fraud by

leading him to believe that future relief was forthcoming in response to his filed grievance is without merit. As stated above, the response to appellant's grievance stated what relief was previously granted and there is no hint of evidence in the record of any fraud committed by appellees.

7. Appellant finally argues that the court erred by not applying the lenient standards applicable to pro se litigants. Appellant cites no authority for the proposition that exceptions to the statute of limitation exist for pro se litigants. Appellant missed the filing deadline by several months. The court did not err in denying the motion to amend and in dismissing the complaint.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 14, 1990.

Joe Hayes, *pro se.*
*Johnson & Montgomery, Albert S. Johnson, Harry W. MacDougald*, for appellees.