A02A0386. INTERFINANCIAL PROPERTIES, INC. v. MARY T. CRISTAL TRUST et al.
A02A0387. STUDIO X, INC. v. MARY T. CRISTAL TRUST et al.
(562 SE2d 757)

BARNES, Judge.

Interfinancial Properties, Inc. and Studio X, Inc. (collectively "plaintiffs") appeal from the trial court's order granting summary judgment to the Mary T. Cristal Trust, Robert Krasnoff and Richard Browdy (collectively "defendants") in this breach of contract case arising from a right of first refusal to purchase clause in a commercial lease. In their appeals, plaintiffs assert identical arguments as to why the trial court erred by granting summary judgment. Specifi-

---

[4] *Legacy Homes v. Cole*, 205 Ga. App. 34 (421 SE2d 127) (1992).

cally, plaintiffs assert that the trial court erred by (1) interpreting the right of first refusal to impose the condition that Studio X must enter into a separate and binding contract in order to properly exercise its right of first refusal; (2) ruling Studio X did not timely and properly exercise its right; (3) implicitly ruling that the defendants had no duty to provide signed and suitable documents to Studio X; and (4) finding no waiver of the conditions in the right by the Trust. After considering each of these arguments, we affirm.

The record shows that the Trust and Studio X entered into a commercial lease that gave the following right of first refusal to Studio X:

> During the term of Tenant's tenancy in the demised premises, should the Mary T. Cristal Trust receive an acceptable offer to purchase the property of which the demised premises are a part, Mary T. Cristal Trust grants Tenant the right of first refusal to match the offer and purchase the property. In order to exercise its right of first refusal, Tenant must enter into a binding earnest money contract identical to that which was presented to Mary T. Cristal Trust within 14 days of being presented with a copy of the acceptable contract.

During the term of the tenancy, the Trust received an offer from a third party to purchase the property. Because the third party requested that the Trust obtain a release from Studio X of its right of first refusal, one of its trustees, defendant Krasnoff, personally delivered a copy of the offer and a written release to the principal of Studio X, Howard Alpern. According to Krasnoff, he told Alpern that the third party's offer "might be acceptable to the Trust." Alpern testified that Krasnoff told him "the contract was acceptable to the Trust." Alpern refused to sign the release of Studio X's right of first refusal.

Exactly 14 days after receiving a copy of the third party's offer, Studio X's attorney sent the Trust a real property purchase agreement signed by Alpern. The accompanying cover letter stated:

> Please be advised that [this] law firm is counsel to Studio X, Inc. regarding the [right of first refusal granted to Studio X]. This letter shall serve as a response to the unexecuted Contract for the Purchase and Sale of Real Property by and between Mary T. Cristal Trust, as Seller, and Five Kings, Inc., as Purchaser, on October 28, 1998 (the "Contract"). My client hereby exercises it[s] Right of Refusal granted pursuant to Paragraph 15 of Exhibit B-Special Stipulations of the Commercial Lease Contract (Revised June 1980), entered

into by and between my client, as Tenant, and Mary T. Cristal Trust, as Landlord, dated January 26, 1993, as extended. Enclosed please find two (2) Real Property Purchase Agreements by and between Studio X, Inc., as Purchaser and Mary T. Cristal Trust, as Seller, containing identical business terms to the Five Kings, Inc. offer that have been executed by my client, together with financial documentation supporting my client's ability to perform its obligations under the Agreement. Note that the financial documentation enclosed is provided by two shareholders of Studio X, Inc. Kindly execute each copy on behalf of the Seller and return a fully executed original to me at the above address. Upon receipt of a fully executed Agreement, I will forward my client's check in the amount of Ten Thousand Dollars ($10,000) to Perimeter Title Services, Inc. in accordance with the terms of the Agreement. . . .

A comparison of the two contracts reveals eight differences in terms, the following two of which are clearly material: (1) The Studio X offer was subject to the assumption of a loan, while the third party offered cash with no financing contingency, and (2) The Studio X offer gave it an unlimited right of assignment without the Trust's consent, while the third party's offer contained a limited right of assignment with no release of liability absent the Trust's consent. According to Studio X's attorney, he subsequently talked with Krasnoff to alleviate his concerns regarding time frame and money. The conversation allegedly concluded with Krasnoff declaring, "we have a deal."

Nine days after receiving Studio X's offer, the Trust sent a letter to both the third party and Studio X terminating their "preliminary discussions and negotiations" because the majority of the Trust beneficiaries could not agree to sell the property. As of the date the Trust moved for summary judgment, it had not sold the property.

After learning that its tenancy would be terminated when its lease expired, Studio X sued the defendants. Asserting that it had properly exercised its right of first refusal, Studio X sought a declaratory judgment in its favor on that issue, an injunction preserving the status quo (Studio X's possession of the property), damages from the Trust for breach of contract, and damages from the individual trustees (Krasnoff and Browdy) for misrepresenting their authority to bind the Trust. While the lawsuit was pending, Interfinancial Properties became a joint venturer with Studio X to develop the property, and the trial court granted its motion to intervene as a plaintiff.

After the expiration of the discovery period, defendants moved for summary judgment, asserting that (1) the right of first refusal violated the statute of frauds; (2) Studio X failed to satisfy an express

condition precedent in the contract; and (3) the Trust did not breach the right of first refusal because it did not sell the property. The trial court granted the motion based on Studio X's failure to satisfy a condition precedent in the right of first refusal.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, "the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." (Citation and punctuation omitted.) *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). "When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence." (Citation and punctuation omitted.) *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997). Contract disputes are particularly well suited for adjudication by summary judgment because construction of contracts is ordinarily a matter of law for the court. *Burns v. Reves*, 217 Ga. App. 316, 318 (1) (457 SE2d 178) (1995).

2. Plaintiffs assert the trial court erred by interpreting the right of first refusal to include a condition precedent, namely, that it enter into an identical binding earnest money contract. We disagree. The right of first refusal expressly stated that: *"In order to exercise its right of first refusal*, Tenant *must* enter into a binding earnest money contract identical to that which was presented to Mary T. Cristal Trust within 14 days of being presented with a copy of the acceptable contract." (Emphasis supplied.) We have previously held that " 'words such as "on condition that," "if," and "provided," are words of condition, and in the absence of indication to the contrary, the employment of such words in a contract creates conditions precedent.' " *Fulton County v. Collum Properties*, 193 Ga. App. 774, 775 (1) (b) (388 SE2d 916) (1989). In this case, the language "in order to exercise its right of first refusal" are also words of condition creating a condition precedent.

3. Plaintiffs also contend that they properly exercised their right of first refusal through their attorney's "letter of exercise." According to plaintiffs, their attorney's statement that "[m]y client hereby exercises its Right of Refusal granted pursuant to [the lease]" was an acceptance of the Trust's offer to sell and obligated the Trust to sell the property. This argument ignores the condition precedent in the right of first refusal. " 'A condition precedent must be performed before the contract becomes absolute and obligatory upon the other party.' " *Fulton County*, supra, 193 Ga. App. at 775. In this case, the record shows that Studio X failed to provide the Trust with a binding

earnest money contract *identical* to that submitted by the third party. As a result, the trial court did not err by holding Studio X failed to satisfy the condition precedent in the right of first refusal.

4. Plaintiffs further assert the trial court erred by implicitly ruling, "the Trust had no duty to provide signed and suitable documents to [Studio X]." We find no merit in this argument because the right of first refusal imposed the condition precedent on the Tenant — Studio X. The terms of the lease only obligated the Trust to provide Studio X with a copy of an acceptable contract, which the Trust did. The Trust fulfilled its obligations by providing a copy of the third party's offer to Studio X.

5. In their remaining argument, plaintiffs assert that the Trust waived any noncompliance with the condition precedent by its trustees' conduct after receiving Studio X's offer. We find no merit in this argument because the lease contained the following provision: "No failure of Landlord to exercise any power given Landlord hereunder or to insist upon strict compliance by Tenant of his obligations hereunder and no custom or practice of the parties at variance with the terms hereof shall constitute a waiver of Landlord's right to demand exact compliance with the terms hereof." See *Sovereign Camp Woodmen &c. v. Hart,* 187 Ga. 304, 309-310 (1) (200 SE 296) (1938).

*Judgments affirmed. Pope, P. J., and Ruffin, J., concur.*

Decided March 21, 2002 — ▮▮▮▮▮▮▮▮

*Albert A. Chapar, Jr.,* for appellant (case no. A02A0386).
*Lee M. Bagel,* for appellant (case no. A02A0387).
*Weener, Mason & Nathan, William P. Mason, Holt, Ney, Zatcoff & Wasserman, Joseph S. Jacobson, Jay F. Castle,* for appellees.