A01A2439. THE PHOENIX TOWER, INC. v. SHAFFER et al.
(562 SE2d 788)

PHIPPS, Judge.

Leroy Gatch rented property from Marie Shaffer under an unrecorded lease. Paragraph 19 of the lease gave Gatch a right of first refusal before Shaffer could sell the property. After Shaffer died, her estate sold the property to The Phoenix Tower, Inc. (Phoenix). Gatch later brought this suit against the executor of Shaffer's estate, the estate itself, and Phoenix. Gatch complains that he was never given an opportunity to exercise his right of first refusal. He seeks a rescission of the sale to Phoenix and specific performance of his contract with Shaffer. The case was submitted to a jury on special interrogatories. Final judgment on the jury verdict was entered in favor of Gatch.

Phoenix appeals, contending that the trial court erred in denying its motion for directed verdict. Phoenix argues that it was entitled to judgment as a matter of law because (1) paragraph 19 is legally unenforceable; (2) Gatch is not entitled to specific performance, as he did not make a tender of the purchase price of the property; and (3) it, Phoenix, takes free of Gatch's leasehold right, because it is a bona fide purchaser for value and without notice of the right. We find no merit in these arguments and affirm.

1. In reliance on *Booker v. Hall*,[1] Phoenix first argues that Gatch's right of first refusal as contained in paragraph 19 of the lease is unenforceable as a matter of law because it lacks a triggering term.

Paragraph 19 gives to the lessee "a written right of first refusal"

---

[1] 248 Ga. App. 639 (548 SE2d 391) (2001).

consisting of "an offer to purchase the premises owned by the lessor for the same price and upon the same terms as that being made by the prospective purchaser to the lessor." It requires that there be attached to "such written statement" the name and address of the prospective purchaser, the purchase price, and all other terms of the transfer or sale. "Within 30 days after the receipt of such written statement, the lessee may elect to purchase the premises owned by the lessor." If the offer to sell is not accepted by the lessee, the lessor may sell the property to the prospective purchaser named in the written statement "in strict compliance with the terms therein stated."

A right of first refusal has been " 'defined by the term preemptive right. . . . A preemptive right merely sets a requirement that *when the owner decides to sell* the person holding the preemptive right must be offered the opportunity to buy.' [Cit.]"[2] The clear intent expressed in paragraph 19 is to prohibit the lessor from selling the property during the term of the lease unless the lessor provides the lessee with written notice and a period of 30 days in which to decide whether to purchase the property on the same terms as those contained in any purchase offer made to the lessor.

In *Booker*, the seller of a lot gave the purchaser an option to purchase two other lots if a contract for sale containing an offer on the other lots was offered to the seller within two years of the closing on the original lot. The purchaser in *Booker* sued because the seller sold the two other lots approximately four years after the purchase without giving him a right of first refusal. We held the option unenforceable because: (1) it was purportedly triggered by the seller's receipt of a purchase offer, even if the seller had not decided to sell;[3] and (2) it was limited to two years duration.[4]

The lease in this case suffers from no defect such as that found in *Booker*. Paragraph 19 merely requires the lessor to offer to sell the property to the lessee before accepting an offer from anyone else, if the lessor decides to sell. Clearly, paragraph 19 is triggered by the lessor's receipt and acceptance of an offer to purchase the property during the term of the lease, which appears without dispute to have happened here. Paragraph 19 is not unenforceable as a matter of law, for lack of a triggering term or otherwise.[5]

---

[2] (Emphasis in original.) *Hasty v. Health Svc. Centers*, 258 Ga. 625, 626 (373 SE2d 356) (1988).

[3] 248 Ga. App. at 641 (1) (a).

[4] Id. at 642 (1) (b).

[5] See *Hewatt v. Leppert*, 259 Ga. 112 (376 SE2d 883) (1989); *Hasty v. Health Svc. Centers*, 258 Ga. at 626.

2. Phoenix next argues that Gatch was not entitled to specific performance because he failed to tender the purchase price for the property.

It is true that to be entitled to specific performance on a real estate contract, the purchaser must make an unconditional tender of the purchase money due. This tender is excused or waived where the seller, by conduct or declaration, proclaims that if a tender should be made, acceptance would be refused. The law does not require a futile tender or other useless act.[6]

Gatch presented evidence that he attempted to exercise his right of first refusal but was never provided an opportunity to tender the purchase price because the property had already been sold to Phoenix. Tender was thus excused.

3. Finally, Phoenix argues that it occupies the position of a bona fide purchaser for value and, therefore, takes the property without being bound by the right of first refusal found in Gatch's unrecorded lease, because Gatch introduced no evidence showing that Phoenix acquired knowledge of this right prior to its purchase of the property.[7] This argument is without merit.

Gatch presented evidence that, prior to purchasing the property, Phoenix was apprised of the existence of the lease and of his conduct of business operations on the leased premises. The jury was authorized to find that knowledge of these facts placed a duty on Phoenix to inquire into Gatch's rights in the premises and thus provided it with constructive notice of Gatch's right of first refusal.[8]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MARCH 21, 2002.

*Burr & Forman, John O. Sullivan, James B. Rhoads*, for appellant.

*Thomas & Kane, Terry-Dawn Thomas, Lawrence D. Kupferman*, for appellees.

---

[6] (Footnotes omitted.) *Nowlin v. Davis*, 245 Ga. App. 821, 822 (2) (538 SE2d 900) (2000).
[7] See generally *Anderson v. Streck*, 190 Ga. App. 224 (378 SE2d 526) (1989).
[8] See *Bacote v. Wyckoff*, 251 Ga. 862, 866 (2) (310 SE2d 520) (1984); *Blanton v. Moseley*, 133 Ga. App. 144 (2) (210 SE2d 368) (1974).