### A02A0657. SMITH v. CHANDLER.
(568 SE2d 592)

ANDREWS, Presiding Judge.

Stacye Smith appeals from the trial court's order granting[1] summary judgment to Kay Smith Chandler, as executor of the estate of Eugene M. Smith. The trial court concluded that Stacye Smith's right of first refusal was unenforceable pursuant to *Booker v. Hall*, 248 Ga. App. 639, 641-642 (1) (a) (548 SE2d 391) (2001).

In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review and consider the evidence with all reasonable inferences therefrom in favor of the party opposing summary judgment. *Birnbrey, Minsk & Minsk v. Yirga*, 244 Ga. App. 726 (535 SE2d 792) (2000).

So viewed, the evidence was that Chandler was the executrix of Eugene Smith, the prior owner of the disputed property located on Tybee Island. Chandler sought to set aside the 1973 deed of Eugene Smith to William Lance Smith III,[2] Smith's nephew, contending the conveyance was fraudulently induced.

William Smith III, during his marriage to Stacye Smith, had quitclaimed his interest in the property, referred to as 1A 18th Street, Tybee Island, to Stacye Smith. In 1997, William Smith III and Stacye Smith were divorced, and the final judgment incorporated the agreement entered into by the Smiths dividing their assets. That agreement contains the following:

> The parties agree that contemporaneously with the execution of this Agreement, the Husband shall receive the sole ownership of a parcel of improved real property known as #2 Smith Plaza, Tybee Island, Chatham County, Georgia which is held in a Life Estate [by Eugene Smith]. The Wife shall execute a quitclaim deed, free and clear of all encumbrances, to the Husband. *The wife will be given the right of first refusal on future sales.*

(Emphasis supplied.) It is the emphasized sentence which constitutes Stacye Smith's right of first refusal.

---

[1] The same order also denied Stacye Smith's motion for summary judgment on the same issue.

[2] William L. Smith III died during the pendency of this litigation, and his estate was substituted as a party.

On March 6, 1997, Stacye Smith quitclaimed her interest in this property, along with three other properties, to William Smith III. Following the legal descriptions in the quitclaim deed was this statement:

> This conveyance is made subject to the terms and conditions of a Judgment and Decree of Divorce and Settlement Agreement which is incorporated thereto. The terms of said Settlement Agreement vest the parties with certain rights, restrictions, remainders, options to purchase, rights of refusal and the like. The execution of this deed by the Grantor does not serve to extinguish or in any manner release said rights, restrictions, remainders, options to purchase, rights of refusal and the like, and the same are covenants, conditions and restrictions to which any subsequent purchasers shall take notice.

On December 14, 2000, the trial court entered an order in the litigation between Chandler and William Smith III. At that time, Stacye Smith was not a party to this litigation. The order stated that Stacye Smith had made an offer to William Smith III of $560,000 to buy the property. The order set out a procedure by which Chandler was allowed to market the property to see if, before December 15, 2000, at 12:00 p.m., she could obtain an offer better than that of Stacye Smith. If she did so, then Stacye Smith was given 48 hours within which to meet the offer. If she did so, then she and the second potential purchaser were allowed to exchange bids at minimum $15,000 increments until one party was unable or unwilling to match the higher bid. The order further provided that, upon the sale, Chandler, William Smith III, and Stacye Smith would relinquish all claims to the property.

Penn Myrick made such an offer, and, by letter of December 17, 2000, Stacye Smith notified Chandler and William Smith III of her intent to "assert my first right [sic] of refusal to purchase the . . . property for the sum of $575,000.00. This notification is in response to receipt of the contract presented by Mr. Penn Myrick in the amount of $575,000.00 . . . to purchase the above-referenced property." Myrick then responded with his bid of $605,000, and Stacye Smith was notified by letter from Chandler's attorney of her 24-hour deadline to make a response offer. Smith was further notified that "[i]f you fail to do so, you will forfeit your rights to make further offers on the property."

No response was made by Stacye Smith, and Myrick entered into a contract to purchase the property with Chandler and William Smith III.

442

On January 8, 2001, Stacye Smith filed her motion to intervene in this suit between Chandler and William Smith III, an answer to Chandler's complaint, and a counterclaim against William Smith III seeking to "exercise her right of first refusal of this offer, thereby requiring [Smith III] to convey the property to her for the purchase price of $575,000.00." The trial court allowed her intervention.

Pretermitting the issue of whether the clause in the settlement agreement was insufficient as a triggering mechanism, as found by the trial court pursuant to *Booker*, there are other bases upon which to affirm the trial court's grant of summary judgment. A summary judgment right for any reason will be affirmed. *Kaylor v. Atwell*, 251 Ga. App. 270, 272 (2) (553 SE2d 868) (2001).

"A right of first refusal has been ' "defined by the term preemptive right. . . . A preemptive right merely sets a requirement that *when the owner decides to sell* the person holding the preemptive right must be offered the opportunity to buy." (Cit.)' [*Hasty v. Health Svc. Centers*, 258 Ga. 625, 626 (373 SE2d 356) (1988).]" (Emphasis in original.) *Phoenix Tower v. Shaffer*, 254 Ga. App. 394, 395 (1) (562 SE2d 788) (2002). It is clear here that Chandler and William Smith III did not decide to sell until after the bidding process set in place by the court order had been completed. Therefore, if Stacye Smith had any right of first refusal which she had not been allowed to exercise, it was to meet Myrick's offer of $605,000, which she did not do.

Also, Stacye Smith participated in the bidding process set up by the trial court's order. She may not now complain that the process somehow violated her right of first refusal; seek to have that order vacated; and ask the trial court to order Chandler and William Smith III to accept only $575,000 in the face of a higher offer. See *Plaza Properties v. Prime Business Investments*, 273 Ga. 97, 100 (538 SE2d 51) (2000); *Interfinancial Properties v. Mary T. Cristal Trust*, 254 Ga. App. 406, 407-408 (562 SE2d 757) (2002).

The trial court properly granted summary judgment.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 9, 2002

McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr., Kenneth P. Johnson, for appellant.

Duffy, Feemster & Lewis, Dwight T. Feemster, Matthew M. Bush, for appellee.