# A04A0425. TABAR, INC. v. D & D SERVICES, INC.

## (601 SE2d 143)

PHIPPS, Judge.

Tabar, Inc. appeals the trial court's order granting summary judgment against it in favor of D & D Services, Inc. Because D & D Services has not asserted any claims that are valid against Tabar, we reverse the trial court's order to the extent that it grants summary judgment against Tabar.

Horace and Horacena Tate entered into a contract with Good Guys, Inc., d/b/a Unlimited Contracting Company (Good Guys), to perform construction work on real property they owned on Ashby Street. Good Guys contracted with D & D Services to replace certain air conditioning units with heat pumps in a building owned by Tabar and located on the Tates' Ashby Street property. The contract between Good Guys and D & D Services required a total payment of $45,000, to be paid in two installments. Good Guys paid D & D Services a total of $31,437. D & D Services claims that Good Guys was paid $161,000 for work performed by D & D Services and other subcontractors. When Good Guys failed to pay the remainder owed under the contract, D & D Services sued Tabar, Good Guys, Unlimited Contracting Company and Rick Raby (Good Guys' President) for $13,500, plus interest and attorney fees. In its complaint, D & D Services asserted claims for breach of contract, assumpsit or money had and received, and constructive trust.

D & D Services filed a motion for summary judgment against all defendants for all claims asserted in its complaint. The trial court granted the motion, making no distinction between any of the defendants.

We review the grant of a motion for summary judgment under a de novo standard of review.[1] We consider the evidence with all reasonable inferences therefrom in favor of the party opposing the motion for summary judgment.[2]

D & D Services argues that its motion for summary judgment was properly granted because Tabar failed to respond to anything other than its "Statement of Theories of Recovery and of Material Facts as to Which There are No Issues in Dispute." Even if Tabar had failed to respond to any portion of D & D Services' motion, summary judgment would not be granted automatically because there is no such thing as a default summary judgment.[3] "A failure to respond to

[1] *Smith v. Chandler*, 256 Ga. App. 440 (568 SE2d 592) (2002).
[2] Id.
[3] See *Rapps v. Cooke*, 234 Ga. App. 131 (1) (505 SE2d 566) (1998).

a motion for summary judgment results in waiver of the right to present evidence in opposition to the motion, but the moving party must still show from the pleadings and the evidence that summary judgment is appropriate."[4]

D & D Services also argues that because Tabar's answer was filed late, it is in default and its answer should not be considered.[5] Pretermitting whether D & D Services is correct, we find, without considering Tabar's answer, that it is clear from the record that summary judgment should not have been granted against Tabar.

1. D & D Services' claim for breach of contract is against Good Guys, not Tabar. Tabar was not a party to the contract between D & D Services and Good Guys, and D & D Services makes no claim that Tabar should be held liable under the contract. Thus, summary judgment should not have been granted against Tabar on this claim.

2. In support of its claim for assumpsit or money had and received, D & D Services takes the position that Good Guys has received money from Tabar to which D & D Services is entitled pursuant to its contract with Good Guys. D & D Services does not claim in its motion or in its complaint that Tabar has received money to which it is entitled. Nor is there any evidence in the record that would support such a claim. Thus, summary judgment should not have been granted against Tabar on this claim.

3. In its motion for summary judgment, D & D Services takes the position that all of the defendants named in its complaint are holding the heat pumps it supplied pursuant to its contract with Good Guys in a constructive trust and that allowing them to retain the pumps would result in unjust enrichment to Good Guys.

"A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity."[6] Assuming that Tabar has possession of the heat pumps supplied by D & D Services, there is no evidence that allowing Tabar to retain them will violate some principle of equity. The evidence shows that Good Guys was paid for the heat pumps by Tabar or the Tates and that Good Guys failed to pay D & D Services. There is no evidence that Tabar knew or should have known that Good Guys did not intend to pay D & D Services. Moreover, D & D Services claims that Good Guys, not Tabar, was unjustly enriched. These circumstances are insufficient to

---

[4] (Citation omitted.) Id. at 131-132.

[5] We note that D & D Services has not moved for a default judgment against Tabar. Because the issue is not before us, we do not decide whether D & D Services may have waived its right to do so. See *Hamm v. Willis*, 201 Ga. App. 723, 724-726 (3) (b) (411 SE2d 771) (1991).

[6] OCGA § 53-12-93 (a).

authorize summary judgment against Tabar based on an implied constructive trust.[7]

*Judgment reversed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 3, 2004.

*Katrina L. Breeding*, for appellant.

*Power, Futch & Cooper, Warren R. Power, Jennifer N. Haskins*, for appellee.

---

[7] See *Atlanta Classic Cars v. Chih Hung USA Auto Corp.*, 209 Ga. App. 908, 910 (2) (439 SE2d 498) (1993).