### A05A1316. STUDIO X, INC. et al. v. WEENER, MASON & NATHAN, LLP et al.
#### (624 SE2d 157)

JOHNSON, Presiding Judge.

Studio X, Inc. and Interfinancial Properties, Inc., brought this action against Weener, Mason & Nathan, LLP, Phillip Weener, P.C., Phillip Weener, William Mason, and Eric Nathan (collectively the attorneys), alleging the attorneys committed legal malpractice and breached a fiduciary duty in the manner in which they handled a commercial real estate transaction. Studio X and its joint venturer, Interfinancial Properties (collectively Studio X), appeal from the grant of summary judgment to the attorneys.

Studio X entered into a commercial lease contract with the Mary T. Cristal Trust to lease real property owned by the Trust. The lease contained a "right of first refusal" clause, which provided that:

> During the term of Tenant's tenancy in the demised premmises should Mary T. Cristal Trust receive an acceptable offer to purchase the property of which the demised premises are a part, Mary T. Cristal Trust grants Tenant the right of first refusal to match the offer and purchase the property. In order to exercise its right of first refusal, Tenant must enter into a binding earnest money contract identical to that which was presented to Trust within 14 days of being presented with a copy of the acceptable contract.

The trust agreement contained a provision stating that no interest in real property belonging to the Trust may be sold without the written consent of a majority of the Trust's beneficiaries; there are six beneficiaries. Richard Browdy and Robert Krasnoff are the trustees.

During the lease term, trustee Browdy executed a listing agreement for a real estate agency to market the property. Five Kings, Inc., submitted an offer to purchase the property. Three of the six beneficiaries told Browdy that the Five Kings' offer was acceptable, while the other three had not agreed to sell the property.

Trustee Krasnoff took a copy of the offer to Howard Alpern, the president of Studio X. As part of its offer, Five Kings required that the

Trust obtain a release from Studio X canceling its right of first refusal. Krasnoff presented Alpern with a release, which Alpern refused to sign.

Studio X retained the attorneys to analyze and exercise the right of first refusal. The attorneys prepared a purchase agreement and a letter stating that Studio X was exercising its right of first refusal and that the enclosed purchase agreement contained terms identical to the Five Kings' offer. The documents were sent to the Trust. Nine days later, the Trust sent a letter to both prospective buyers indicating that it was terminating negotiations and discontinuing efforts to sell the property because the majority of beneficiaries did not agree that the property should be sold.

When Studio X learned that the Trust was not going to renew the lease, it sued the Trust for not honoring the right of first refusal provision in the lease. The Trust moved for summary judgment. The trial court granted summary judgment to the Trust, holding that Studio X failed to satisfy the condition precedent of the right of first refusal. Specifically, the court held that Studio X failed to provide the Trust with a binding earnest money contract identical to that submitted by Five Kings, in that Studio X's offer differed in several material respects. Studio X appealed, and this Court affirmed the grant of summary judgment to the Trust. We held that the Trust was not required to sell the property to Studio X because Studio X failed to satisfy the condition precedent of submitting an identical purchase agreement.[1]

Studio X then filed the instant action against the attorneys, alleging legal malpractice and breach of fiduciary duty. Studio X claimed the attorneys failed to properly draft and execute the documents necessary to exercise its right of first refusal. The attorneys moved for summary judgment, which the trial court granted. The trial court found that the attorneys did not breach the duty of care owed to Studio X, and that they acted in good faith and to the best of their knowledge in an area in which the law is not well settled, clear and widely recognized. The court also found that Studio X failed to show that the attorneys' actions caused Studio X's damages, since the Trust was not required to sell the property. For the reasons that follow, we affirm the judgment of the trial court.

In a legal malpractice action, the client has the burden of establishing three elements: (1) that it employed the attorney; (2) that the attorney failed to exercise ordinary care, skill and diligence; and (3) that such negligence was the proximate cause of damage to

---

[1] See *Interfinancial Properties v. Mary T. Cristal Trust*, 254 Ga. App. 406 (562 SE2d 757) (2002).

the plaintiff.[2] In other words, the plaintiff must prove that the attorney's alleged negligence proximately caused the client's harm.[3] Proximate cause in a malpractice action requires the plaintiff to demonstrate that but for the attorney's error, the outcome would have been different.[4] Accordingly, the attorneys in this case are entitled to summary judgment if they show that there is an absence of proof that their errors were the proximate cause of Studio X's damages.[5] Here, there is an absence of proof that the attorneys' actions proximately caused Studio X's alleged damages.

The lease agreement gave Studio X the right of first refusal in the event the Trust received "an acceptable offer to purchase the property." The attorneys argue that the Trust never received an acceptable offer, and that it never accepted an offer from anyone. They point out that the Trust terminated all negotiations with all potential buyers and removed the property from the market. We agree that the Trust was not required to sell the property to Studio X.

Contrary to Studio X's position, even if Studio X had presented the Trust with an offer identical to that presented by Five Kings, the Trust was not obligated to sell the property to Studio X. A right of first refusal is a preemptive right; it sets a requirement that *when the owner decides to sell*, the person holding the right of first refusal must be offered the opportunity to buy.[6] The intent of this preemptive right is to prevent the owner from selling the property during the term of the lease without first providing the tenant with the opportunity to decide whether to purchase the property on the same terms as those contained in any purchase offer made to the owner.[7]

Although the Trust placed the property on the market and entertained offers from prospective buyers, it withdrew the property from the market when its beneficiaries could not reach a consensus regarding whether the property should be sold. The Trust was not required to give Studio X the opportunity to buy property which it was not willing to sell.[8] The intent of the first refusal right was not violated.

---

[2] *Szurovy v. Olderman*, 243 Ga. App. 449, 451 (530 SE2d 783) (2000).

[3] Id. at 451-452.

[4] Id. at 452; see *Gilbert v. Montlick & Assoc.*, 248 Ga. App. 535, 540 (7) (b) (546 SE2d 895) (2001).

[5] See *Holmes v. Peebles*, 251 Ga. App. 417, 420 (3) (554 SE2d 566) (2001).

[6] *Hasty v. Health Svc. Centers*, 258 Ga. 625, 626 (373 SE2d 356) (1988).

[7] See generally *The Phoenix Tower v. Shaffer*, 254 Ga. App. 394, 395 (1) (562 SE2d 788) (2002).

[8] Compare *Phoenix Tower*, supra at 395-396 (1), (2) (lessee entitled to specific performance of right of first refusal term where lessor *decided to sell and sold* property to third party without allowing lessee to exercise first refusal right contained in lease agreement).

We are not persuaded by Studio X's position that in *Interfinancial Properties* this Court held that the Five Kings' offer was acceptable.[9] The issue of whether the Five Kings' offer was acceptable was not before the Court in that case. Issues merely lurking in the record, neither brought to the court's attention nor expressly ruled upon, have not been decided so as to constitute precedent.[10] Inasmuch as the owner in this case considered the offers and decided not to sell the property, it is clear that no offer was acceptable.

The attorneys in this case are entitled to summary judgment because the Trust did not receive an acceptable offer, and it was not obligated to sell property it had not decided to sell. Because a summary judgment right for any reason will be affirmed, we need not address Studio X's remaining enumerations of error.[11]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED OCTOBER 25, 2005 —
RECONSIDERATION DENIED DECEMBER 5, 2005 — 

*Greenberg Traurig, Jeffrey M. Smith, Mike D. Harrison*, for appellants.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., David B. Meltz*, for appellees.

---

[9] *Interfinancial Properties*, supra at 410 (4).

[10] See *Eady v. Capitol Indem. Corp.*, 232 Ga. App. 711, 713 (502 SE2d 514) (1998).

[11] See *Kaylor v. Atwell*, 251 Ga. App. 270, 272 (2) (553 SE2d 868) (2001); see also *Smith v. Chandler*, 256 Ga. App. 440, 442 (568 SE2d 592) (2002) (summary judgment for owner affirmed where owner did not decide to sell until after bidding process had been completed in which buyer holding right of first refusal participated and failed to match high bid).